NEW-YORK,<br>May, 1808.<br><br>Bunn<br>v.<br>Hoyt.

Rule granted.

## Bunn, survivor, &c. assignee of Graham, *against* Hoyt, survivor, &c.

RIKER moved to set aside the verdict in this cause for irregularity, and for a new trial, on the ground of material evidence discovered since the trial. From the affidavits which were read, the following facts appeared : This was an action of *assumpsit* against the defendant, as the agent of *Graham* in the sale of a ship. The cause was tried at the last sittings in *New-York*, before Mr. Chief Justice *Kent*.

After the charge of the judge, the jury retired from the bar to consider of their verdict, and after being together several hours, they separated, and the next morning delivered to the court a verdict sealed up for the plaintiff. When the verdict was read, the counsel for the defendant requested that the verdict might be taken by the *polls*, and one of the jurors, on being asked whether he agreed to the verdict as read, said that he could not agree to it ; that he had signed the sealed verdict as a matter of accommodation, but he thought it unconscientious and could not assent to it. The judge then directed the jury to retire, and reconsider their verdict, to which the defendant's counsel objected ; but the jury were sent out, and after being absent for some time, they gave information to the court that they could not agree on their verdict, upon which they were informed, by the direction of the judge, that they must agree. After having been out several hours,

*A verdict will not be set aside, on the ground of newly discovered evidence, merely to give the party an opportunity to impeach the credit of the witnesses sworn at the trial. Where a jury deliver a sealed verdict to the court, and on being polled, one of them disagrees to the verdict, the judge may send the jury out again to agree on their verdict.*

NEW-YORK, they returned with a verdict for the plaintiff for the same
May, 1808. damages as before.

Bunn
v.
Hoyt.

The newly discovered evidence went to impeach the credit of the material witness for the plaintiff on the trial.

To show that the verdict was irregularly taken, the counsel cited *Trials per pais*, 249. 310. 2 *Salk.* 645. 2 *Tidd*, 817.

*Hopkins* and *J. Radcliff*, contra, were stopped by the court, as to the first point. As to the other ground they observed, that verdicts were never set aside, merely to let in evidence to impeach the testimony given at the first trial. It should be newly discovered evidence of some material fact not before shown to the jury.

*Colden*, in reply, said, that though on an application for a new trial, you cannot object to the competency of the witnesses who have been sworn on the former trial ; yet there is no reason why you may not show by newly discovered evidence, that the witnesses swore falsely.

*Per Curiam.* There has been no irregularity shown to render it proper to set aside the verdict; nor does the affidavit of newly discovered evidence disclose sufficient to support the application for a new trial. A verdict is never set aside to give the party an opportunity of impeaching the credit of witnesses sworn at a former trial. The evidence should be of some material fact, which would induce the belief, that if proved to the jury, it would so far influence their minds, as to produce a different verdict.

Rule refused.