## HARRINGTON *vs.* BIGELOW.

A new trial will not be granted on account of newly discovered evidence, which is only material to impeach or contradict witnesses who were sworn on the trial.

SLANDER, tried at the Schoharie circuit in May, 1844, before PARKER, C. Judge. The defendant had a verdict which the plaintiff moves to set aside on a case; and also upon affidavits of newly discovered evidence, all of which tends to impeach or contradict witnesses of the defendant who were sworn on the trial, and none of which is material for any other purpose. As the points arising upon the *case* do not present any important question, that portion of the opinion is not reported.

*A. Becker*, for the plaintiff.

*S. S. Bowne*, for the defendant.

*By the Court*, BEARDSLEY, J.   A new trial is never granted to let in evidence, although newly discovered, to impeach the testimony of a witness, either by showing that his reputation for truth is bad, or that the evidence given by him was not true. Testimony of this description is not material within the rule which governs in such cases; it must relate to some *new fact* upon which evidence was not given on the trial already had, and must be so important in its nature as to induce a belief that if proved to the satisfaction of a jury it would control their verdict. (*Grah. on New Trials*, 463, 496.) In *Halsey* v. *Watson*, (1 *Caines*, 25,) the court in deciding a motion for a new trial on the ground of newly discovered evidence said— " The testimony goes only to impeach the credit of what has been sworn, and not to establish a new fact. It is merely contradicting former evidence. In that point of view it is not material." Again, in *Bunn* v. *Hoyt*, (3 *John.* 256,) " A verdict is never set aside to give the party an opportunity of impeaching the credit of witnesses sworn on a former trial. The

evidence should be to some material fact, which would induce the belief that, if proved to the jury, it would so far influence their minds, as to produce a different verdict." (*See also Shumway* v. *Fowler,* 4 *John.* 425; *Duryee* v. *Dennison,* 5 *id.* 248; *Jackson* v. *Kinney,* 14 *id.* 186; *Den* v. *Geiger,* 4 *Halst.* 239; *Den* v. *Wintermute,* 1 *Green,* 182.) In *Lister* v. *Mundell,* (1 *B. & P.* 427,) the rule as stated was admitted, but that case was taken out of it on the ground that the *facts* on which the witnesses had founded themselves were shown by the affidavits to be false. " The court observed, that though it was unusual to grant a new trial on evidence contradicting the testimony on which the verdict had proceeded, discovered subsequent to the trial, yet as the very facts on which these witnesses had founded themselves were falsified by the affidavits produced, they thought it afforded a sufficient ground for a new trial." (*See Grah. on New Trials,* 499.)

New trial denied.