Tyler *v.* Hoornbeck.

---

TYLER *vs.* HOORNBECK and others.

Motions for a new trial on the ground of *surprise* are addressed very much to the sound discretion of the court, and if it satisfactorily appears that, to promote the ends of justice, an opportunity should be presented for the introduction of new testimony, the court will furnish it by setting aside the verdict and granting a new trial.

Where the alleged surprise consisted in calling one of the defendants as a witness for the plaintiff, in violation of a promise claimed to have been made by the plaintiff's attorney to the defendant's attorney, by reason of which the latter was unprepared to impeach the witness, as he would have been had such promise not been made : *Held* that the discretion of the court was properly exercised in granting a new trial, on terms.

Tyler *v.* Hoornbeck.

APPEAL from an order made at a special term granting to the defendant, Benjamin C. Hoornbeck, a new trial, upon the ground of *surprise.* The alleged surprise consisted in calling Stephen Stickles, one of the defendants, as a witness for the plaintiff in violation of a promise claimed to have been made by the plaintiff's attorney to the defendant's attorney, by reason of which the defendant's attorney was unprepared to impeach Stickles, as he would have been if such promise had not been made. The judge who held the special term granted the motion on payment of the costs of trial (except the usual allowance) and ten dollars, costs of the motion.

*T. R. Westbrook,* for the appellant.

*J. Hardenburgh,* for the respondent.

*By the Court,* MILLER, J.   Motions for a new trial, of the character of the one now presented for our consideration, are addressed very much to the sound discretion of the court, and if it satisfactorily appears that to promote the ends of justice an opportunity should be presented for the introduction of new testimony, the court will furnish it by setting aside the verdict, and granting a new trial.   (1 *Gra. & Wat. on New Trials,* 462.   *Platt* v. *Munroe,* 34 *Barb.* 291.)

Although the affidavits upon which the motion in this case was originally heard, are somewhat conflicting, yet I cannot resist the conclusion that the defendant's counsel allowed the trial to proceed under a belief that the defendant Stickles would not be called to testify upon the trial.   Such being the case, he was obviously taken by surprise by the evidence given by Stickles.   And unless some legal principle interposes itself as an insuperable obstacle, I think he was entitled to the relief granted by the special term.   (*See* 34 *Barb.* 296.)

I think that there is no such difficulty in the way of the order granting a new trial.   It is not, by any means, clear but that the testimony of Stickles was the main evidence relied upon

Tyler *v.* Hoornbeck.

by the jury, in the disposition of the case ; and I do not think that the residue of the testimony is so entirely satisfactory as to warrant the conclusion that the jury would have rendered the same verdict if Stickles had not been sworn as a witness.

The motion in this case is not based upon the sole ground that the witness Stickles can be impeached, and that it should be granted for that reason, but it rests upon a claim that there was an understanding that he should not be called as a witness, in consequence of which the defendant proceeded to trial, and neglected to subpœna witnesses whose attendance had been procured at a previous term of the court for the purpose of impeaching him.

The disposition of it, therefore, is not to be governed entirely by the rules of law which are applicable to the cases where the party relies solely upon impeaching testimony. The true question then, is, whether the party here acted in good faith ; relied upon the agreement which he made ; and was taken by surprise by the act of the other party in calling this witness.

It is plain to my mind, that his reliance upon the agreement which he positively swears was entered into, was the cause of his not being prepared to meet the testimony of the witness thus, unexpectedly to him, put upon the stand, and that it was a surprise upon him that the witness was called and sworn.

Although the defendant's counsel neglected to ask the court that a juror be withdrawn, and thus seek to obviate the difficulty, I do not think he should be remediless because he has made a mistake and failed to avail himself of a technical rule of practice. It is quite common to grant relief under such circumstances as are here presented, when justice demands it.

In cases like this, no precise rule can be laid down which can always be invoked. The decision of them must, of necessity, be left somewhat to the discretion of the court where the trial is had. (*Gra. & Wat. on New Trials,* 1085.) And

the doing of substantial justice is ever to be kept in view. (*Id.* 1086.)

I think that the discretion conferred was properly exercised by the judge at special term, and that the ends of justice will be promoted by an affirmance of the order granting a new trial.

*Order affirmed, with ten dollars costs of appeal.*

