## JOHN CARPENTER vs. ANDREW COE.

Newly discovered evidence which goes to discredit a witness is not a ground for a new trial. Evidence which is only material or admissible to contradict the evidence of a witness, and to render him unworthy of confidence, is insufficient.

Motions for a new trial on the ground of newly discovered evidence are addressed to the discretion of the court, but the discretion to be exercised must be guided and governed by legal principles, and controlled by the established authorities.

A new trial will not be granted to enable the defendant to prove admissions made by a witness for the plaintiff, inconsistent with the testimony given by him upon the trial; where there is sufficient evidence, if credited, independent of his testimony, to support a verdict for the plaintiff.

MOTION by the defendant for a new trial, upon the grounds of newly discovered evidence and surprise. The case has been heard twice before a jury. On the first trial, the jury disagreed; the second trial resulted in a verdict for the plaintiff for the amount of the note sued on.

The defence alleged that the note was a forgery. There was evidence from four witnesses that it was in the defendant's handwriting, and of four witnesses that it was not in his handwriting; of Stacy that he saw it signed by the defendant; and the defendant testified he never gave it. The plaintiff called Taylor, who testified to a conversation with the defendant, in which the latter *admitted the giving of the note*. The defendant denied he ever had such a conversation. There were some other circumstances bearing upon the issues, introduced by the parties, at the trial. Affidavits were read for, and opposed to, the motion.

*E. Allen* and *S. C. Huntington*, for the motion.

*J. B. Higgins*, opposed.

HARDIN, J. When this cause was tried before the jury, there was a great conflict in the evidence, and

sufficient evidence was produced by the plaintiff, if credited, independent of the witness Taylor, to support a verdict in favor of the plaintiff.

The evidence given by Taylor was very material and important. The defendant, upon his oath, disputed the evidence of Taylor. The principal parts of the affidavits produced upon the motion disclose certain admissions of Taylor inconsistent with the evidence given by him upon the stand as a witness.

It is too well settled to admit of doubt, that newly discovered evidence which goes to discredit a witness is not a ground for a new trial. (3 *John.*, 255. 4 *id.*, 425. 2 *Denio*, 109. 7 *Barb.*, 271. 11 *id.*, 215. 10 *How. Pr.*, 297.)

Here, as in the case of *Harrington* v. *Bigelow*, (2 *Denio*, 109,) the newly discovered evidence is only material or admissible to contradict the evidence of the witness, and to render him unworthy of confidence. In *Meakim* v. *Anderson*, (11 *Barb.*, 223,) KING, J., says: "The testimony which he claims to have discovered since the trial is that of his own son and daughter, *and only* tends to impeach Thompson's statement that he had never seen his sister after his paying the money to the plaintiff. It is testimony, therefore, to impeach the witness; *and such testimony does not furnish the ground for a new trial.*"

The learned counsel for the defendant pressed upon the attention of the court, very ingeniously, the case of *Oakley* v. *Sears*, (1 *Robert.*, 73.) The question litigated there was in reference to the knowledge with which the plaintiff took a check. It became a very material point in the case, in behalf of the defendant, to show that the plaintiff was not a *bona fide* holder for value, without *actual knowledge* that the check was given for an accommodation conditionally. The court very properly held that the "declarations of the plaintiff that he knew the check was so made and was to be so used, are competent

Carpenter *v.* Coe.

evidence to establish the same fact, and is *none the less evidence in chief* because it may tend to impeach."

It therefore appears that the case is no exception to the general rule laid down and sustained by the other cases already cited.

In the case of *Duryee* v. *Dennison*, (5 *John.*, 249,) the witness had made statements inconsistent with his evidence; and Kent, Ch. J., delivered an opinion to the effect "that it would be productive of the most dangerous consequences if a verdict should be set aside because a witness had made a mistake in giving his evidence." In that case the witness, by his conversations, showed that his evidence was not accurately given. It was a case where the attempt was to impeach the testimony given; not the general character of the witness; and it failed. The case is approved in 5 *Cowen*, 123, and the principle applied in *Powell* v. *Jones*, (42 *Barb.*, 24.)

The case of *Tyler* v. *Hornbeck*, (48 *Barb.*, 197,) is in harmony with the other cases; for the court there rested its decision upon the *surprise* produced by the *violation of an agreement* not to call a certain witness.

In *Simmons* v. *Fay*, (1 *E. D. Smith*, 107,) the court held that the new evidence in respect to what the full conversations were in which the alleged false representations were made was good ground for a new trial; especially as the witness who testified at the trial said "he did not remember the whole talk had." The case is not in point here, and does not reach the question involved in this motion.

Nor does the case of *Guyott* v. *Butts* (4 *Wend.*, 579,) aid the defendant. It was there held that, in ordinary cases, a new trial would not be granted to let in admissions of parties; and MARCY, J., says, the chief reasons for granting a new trial in that case were that the action was upon a stale demand, and against executors, and the new proof was of a distinct and independent character from that given upon the trial.

Carpenter *v.* Coe.

This motion is addressed to the discretion of the court, but the discretion to be exercised must be guided and governed by legal principles, and controlled by the established authorities. (34 *Barb.*, 294.)

The defendant has had two trials ; and in the last one, a full investigation of the evidence, circumstantial and secondary, as well as the direct and positive, led the jury to the side of the plaintiff.

It is true that the verdict is against the defence attempted, and in disregard of the positive denial of the genuineness of the note, by the defendant as a witness ; but it must be borne in mind that the positive and direct testimony of the witness Stacy supports the verdict, as do also some of the circumstances surrounding the note, and the opinions of the witnesses who were called to establish the genuineness of the defendant's signature to the note upon which the verdict is predicated.

To meet this motion, the plaintiff produced the affidavit of Taylor, and that is also entitled to some consideration in determining the questions raised by the affidavits produced by the defendant.

Considering all the evidence produced at the trial, and the affidavits read upon this motion, the court is not able to reach the conclusion that the ends of justice, and the rules of law applicable to the questions presented, require a new and further trial.

The motion is denied, with costs.

[ONEIDA SPECIAL TERM, July, 1873. *Hardin,* Justice.]