CHAMBERLAIN, appellants, v. LINDSAY.

*New trial — on the ground of surprise — Counsel not to mislead opponents.*

In an action to recover a debt contracted and payable in England, the defendants set up a composition deed with creditors, which they claimed discharged them under the law of England from their debts, including that sued on. The English law required such deeds to be registered within twenty-eight days from the date of execution. This deed purported to have been executed December 3, 1869, and to have been registered December 30. Before the

trial one of the defendants was examined as a witness, at the instance of the plaintiff, and without his attention being directed to the date of the deed, testified that he left England for New York on the 27th of November. Prior to the trial the defendants' counsel was led to believe by remarks made by the counsel for the plaintiff that the case would turn " only on questions of law, and that the facts were not in dispute." At the trial the court directed a verdict for the plaintiff on the ground that the deed had not been registered within the time required. The defendants' counsel had not discovered the apparent discrepancy between the evidence of one of the defendants as to the time he left England and the date of the deed. On a motion for a new trial on the grounds of surprise and newly-discovered evidence: *Held,* that the failure of defendants' counsel to discover the discrepancy in the dates was not of itself ground for a new trial, but that he having been mis_ led by plaintiff's counsel as to the objection to be urged to the defense, and thereby induced to less vigilance, a new trial was properly granted on the ground of surprise.

While parties and counsel are not required to inform their adversaries what their course of action may be on the trial, they are required to avoid saying and doing what may have a tendency to mislead them; and if they do not, and gain an advantage by means of erroneous impressions, voluntarily produced for the purpose of affording an opportunity to secure it, the court is bound to deprive them of it, where that appears to be required to promote the ends of justice.

APPEAL from an order of the special term granting a new trial on the grounds of surprise and newly-discovered evidence.

The action was brought by Carlos Chamberlain and others against David A. Lindsay and William Chittick to recover the amount of two acceptances drawn by the defendants at Manchester, England, and payable to plaintiffs in London, also to recover a balance due for goods sold defendants in England.

The defendants set up as a defense a composition deed with creditors, made pursuant to the bankrupt law of England, and which they claimed discharged them from the said debts. The said composition deed purported to have been executed December 3, 1869, by defendant Chittick in person, and by Lindsay by his attorney, and to have been registered December 30, 1869. The English statutes relative to proceedings in bankruptcy were read in evidence pursuant to a stipulation. One of the provisions of these statutes required composition deeds like the one in question to be registered within twenty-eight days after the date of execution.

Prior to the trial, the defendant Chittick was examined at the instance of the plaintiff, and testified that he left England for New York on the 27th of November, 1869, and that he was not again in

England until 1870. This evidence was read on the trial, and thereupon the court, on the application of the plaintiff, directed a verdict for the plaintiff on the ground that the deed was not registered within twenty days from the date of its execution.

The defendants moved for a new trial on the ground of surprise and newly-discovered evidence, alleging that on a new trial they would be able to explain the apparent discrepancy between the date of Chittick's departure from England and the date of the execution of the deed. The motion was granted and plaintiff appealed.

*William F. Shepard,* for appellant.

*John E. Burrill,* for respondent.

DANIELS, J. According to the notice of motion, on which the order appealed from was made, the application for a new trial was restricted to the grounds of surprise and newly-discovered evidence; for, although it was added that the motion would also be made on other grounds stated, no mention of them was made in the notice.

The court, at the special term, appears to have taken that view of the application; for, by the terms of the order, it was the motion for a new trial on the grounds of surprise and newly-discovered evidence, which was granted. The merits of the case are, therefore, not strictly before the court on the present appeal, farther than their consideration may prove incidental in the examination of the reasons existing for the support of the order. Both parties to the action were admitted to be British-born subjects. The plaintiffs were engaged in business as merchants in Manchester, England, and, during November and December, 1869, the defendants were engaged as merchants, carrying on business in New York and in England. The debts in controversy were contracted and payable in England. Upon this state of facts, the parties, as to the transactions involved in this action, were subject to the laws of that country, so far as proceedings affecting the demands were taken there. 2 Kent's Com. 459, marg. paging; Story's Conflict of Laws, §§ 335, 338, 340.

During the latter part of the year 1869, a composition deed was executed by the debtors, and assented to and approved by the requisite number and amount of their creditors, which, by the terms of

Chamberlain v. Lindsay.

the English bankrupt laws then in force, effected their discharge from their debts, upon compliance with the terms and provisions of the law under which it was entered into.

These terms and provisions appeared to have been all complied with, excepting the one requiring. the deed to be. produced and left at the office of the chief registrar, for the purpose of being registered within twenty-eight days from the date of its execution by the debtor. Whether that was done within the time prescribed, was apparently the point on which the cause was finally disposed of at the trial. For as the deed could be, and was, executed by one of the debtors by means of a power of attorney, that cannot be regarded as a defect in the defendants' defense, on which they could have been properly or probably defeated. *Re Fulcher*, 1 Ch. App. Cas. 519.

The deed itself was dated on the 3d of December, 1869, and it was registered, as the law required it to be, on the 30th of that month. So that, on the face of the paper, the law seemed to have been literally complied with in that respect. But before the trial took place, the debtor, who in person executed the deed, was examined as a witness in the case at the instance of the plaintiffs, and without his attention being in any manner directed to the precise time when the deed was executed, testified that. he left England for New York on the 27th day of November, 1869. This circumstance rendered it at once apparent that he could not have executed the deed on the 3d day of December, the day of its date, but must have done it on or before the 27th of November. No inquiry was made for. an explanation of this circumstance, nor was the attention of the witness, in any manner, directed to its existence, and the fact itself seems to have escaped the observation of the defendants' attorney and counsel. It plainly might have been discovered by a reasonable degree of attention to the evidence given by the witness, in view of the date appearing upon the face of the deed. And for that reason, if the application had proceeded solely upon that ground, the omission to devote that degree of attention to the case, before the trial was brought on, would have formed a complete answer to it.

Parties to legal proceedings are required to use attention and diligence in the proper preparation of their causes for trial; and if either fails to do that, and, consequently, is defeated when he might otherwise have succeeded, the fault is his own, for which the courts

can ordinarily supply no remedy. But it is claimed, by the defendants' attorneys and counsel, that they were prevented from discovering this discrepancy between the statements of the witness and the date of the deed, by assurances received from the plaintiffs' counsel, which induced them to anticipate an entirely different objection to the defense made under the composition deed. And sufficient reason is disclosed by the affidavits used upon the application, to warrant the conclusion that such was the case. It is not supposed that the plaintiffs' counsel really designed to deceive the attorney for the defendants with whom their interviews were held. But it is quite apparent that they designed to respond to his inquiries, as to the position they intended to take by way of answer to the defense, in such a manner as would not be likely to disclose the real defect they had then discovered to exist. They had the undoubted right not to respond at all, for it was no part of their duty to disclose the precise course which they designed to take in the trial of the cause, or the reason on which they would endeavor to recover a verdict for the indebtedness sued upon. But when they waived that, and undertook to respond to the inquiries made, it should have been done in such a manner, as not to leave a palpably erroneous impression on the mind of the person making them.

When the stipulation was made, agreeing upon certain evidence to be given on the trial, one of the attorneys for the defendants inquired of one of the plaintiffs' counsel what they relied on in opposition to the deed, or what their point was in the case. And the reply was made by asking the question, "What effect do you suppose the English bankruptcy law has on American debtors ?"

The ordinary effect of such an interview would be to produce the conclusion, that the legal effect, alone, of the proceedings under the bankrupt law was to be rendered the subject of contest at the trial. It was calculated to lure the attorney, particularly if he was apt to be confiding as to his adversary's statements, into the belief that no formal omissions existed in the documents relied upon by the defendants as their defense. And it was not unreasonable that the trial should be undertaken with that expectation existing on the part of the defendants. The natural course to be taken would be to prepare and fortify the defense, so far as that objection required it to be done, and devote no particular attention to it in other respects.

Upon another occasion, preceding the trial, when an application was made by the defendants' counsel, to dismiss the case from the

calendar of short causes, one of the plaintiffs' counsel stated, by way of answer to it, " that he believed the case would turn only on questions of law, and that the facts were not in dispute." And yet the fact required for the proper presentation of the questions of law, which was found to be controlling in the case, was one which did require to be proved, and it was proved by the deposition of one of the defendants.

The trial was opened, and proceeded in such a manner as to indicate the existence of care in avoiding all disturbance of the conviction abiding in the minds of the defendants' attorneys. And it was not until the case was in a condition to be finally disposed of, that their minds were enlightened upon the real point in controversy in the action. Then they asked leave to have a juror withdrawn, for the trial to stand over until further preparation could be made to meet the plaintiffs' objection, but that was refused on account of a supposed want of authority to conform to that request. The case was adroitly managed by the counsel for the plaintiffs, and their conduct might deserve the admiration of observers, were it not for the possibly disastrous effects resulting from it to the defendants.

It is the duty of courts of justice, to secure the trial and disposition of legal controversies appearing before them, in conformity to the legal rights of the parties, so far as that may be practically done ; and the sanction of the ingenious devices made use of in the present case, which probably misled the defendants' attorneys and counsel to their prejudice, would plainly violate that obvious duty. While parties and their counsel are not obliged to inform those opposed to them, what their precise course of action may be upon the trial, they certainly are obliged to avoid saying and doing what may have a direct tendency to mislead them. And if they do not, and gain an advantage by means of an erroneous impression, voluntarily produced for the purpose of affording an opportunity to secure it, the court is bound to deprive them of it, where that appears to be required to promote and attain the ends of justice.

The defendants showed, in support of their application, that they could prove that the deed was delivered in *escrow* at the time when it was executed by the first debtor, and so remained until after the 3d of December, 1869, which they insist will answer the statutory requirement that it should be left for registry within twenty-eight days after its execution. The solicitor, whose affidavit was pro-

duced in support of the defendants' motion, stated that the deed would only take effect, as an executed instrument, from the time when the event happened on which it was held in *escrow,* while three other eminent English barristers, among whom is the present lord chancellor, have concurred in a different opinion.

Under ordinary circumstances, this preponderance against the defendants would properly lead to a denial of their motion. For there would be plausible ground, at least, for concluding that another trial could not change the result. But there is, after all, a probability that the defendants' solicitor may prove to be right in his views, notwithstanding the authority opposed to him. And as long as it is the duty of the court to withhold encouragement from the course of practice which prevented the defendants from presenting the point at the trial, that probability is sufficient to justify an affirmance of the order. *Tyler* v. *Hoornbeck,* 48 Barb. 197. Particularly, as the point in dispute can be more effectually examined and decided upon evidence taken on notice, than *ex parte* affidavits. And there is room for doubt as to whether the requirement of the statute was not too literally construed against the defendants. Whether it was or not, it is not necessary or proper to decide at this time. It is sufficient that a fair administration of justice appears to require that the defendants should be afforded an opportunity for securing a decision of the point on which they now rely for the success of their defense, and which they were deprived of by the statements and conduct of the plaintiffs' counsel.

The order appealed from should be affirmed, with costs to abide the final result of the action.

DAVIS, P. J., and WESTBROOK, J., concurred.

*Order affirmed.*