## PEOPLE *ex rel.* STEMMLER v. McGUIRE.

*Appeal — order granting new trial appealable —New trial — insufficient affidavit — what grounds necessary —Evidence — in election cases — questions to show certainty — search for lost papers —General exception —Trial — province of jury.*

Orders granting or denying new trials are appealable without qualification, and the fact that they are in some sense discretionary does not affect the right of review in the general term, although it would be otherwise in the court of appeals.

The affidavit of a material witness stating that he swore falsely at the trial, *held* not sufficient to justify setting aside the verdict.

The policy of the law is to sustain verdicts unless the injustice of doing so is clearly made to appear, and an application for a new trial, on the ground of newly-discovered evidence, will not be granted unless the case made in support of it is reasonably certain, credibly sustained and fairly indicative of a different result upon another hearing, nor unless the newly-discovered evidence is admissible and reliable, and it must be shown that such evidence was not available on the trial already had, by reasonable diligence.

Oral evidence *held* admissible to contradict the official certificate of canvassers of election. No different measure of evidence is required to establish fraud or official misconduct in cases concerning proceedings under the election laws than in cases involving other rights.

Questions designed to show that a witness' attention had been called to facts shortly after they occurred, *held* competent to show that the facts had been

so impressed on his mind as to preclude the possibility of his being mistaken.

Evidence showing what had been done toward searching for missing papers on a former trial, *held* admissible as part of the process of showing that they could not be produced on the trial at bar.

Testimony of poll clerks as to their recollection of what votes were given in districts at an election where they acted, it being shown that the official returns were lost, *held* admissible in the trial of an action to determine the right to office of a person claiming to be elected.

A general objection to hearsay evidence *held* sufficient.

It is not within the province of the court to decide precisely how much weight the jury shall give to any of the evidence in arriving at their verdict.

APPEAL by defendant from judgment and from order denying motion for a new trial made upon the minutes of the court, and by plaintiffs from order setting aside verdict and directing a new trial on the ground of newly-discovered evidence, and from order denying stay of proceedings during the pending of the appeal.

The action was brought by the people upon the relation of John A. Stemmler, and John A. Stemmler against Joseph McGuire, to oust the defendant from the office of justice of the district court for the seventh judicial district of the city of New York, and establish the right of the relator thereto.

The plaintiff claimed to have been regularly elected in the year 1869 to that office, and that the defendant had unlawfully intruded himself into and held that office. Upon an issue presenting both points for trial and determination, the plaintiff recovered a verdict on which judgment was rendered, and from which one of the appeals now before the court was taken. During the pendency of that appeal, and also of one from an order denying a motion for a new trial upon the minutes, a motion was made on behalf of the defendant, at the special term, for a new trial on the ground of newly-discovered evidence, which proved successful, and the verdict was set aside and a new trial ordered. From that order the plaintiffs in due form appealed.

*Nelson J. Waterbury* and *John K. Porter*, for plaintiffs.

*A. J. Vanderpoel* and *William. A. Beach*, for defendant.

DANIELS, J.

The opinion is chiefly devoted to questions relating to the evidence. The following are believed to be the only portions of the opinion important for publication.

"Upon the argument it was objected that this order was not appealable. But that is very evidently untenable, because the Code allows appeals to the general term from orders granting or refusing new trials in general terms, and without qualification. Code, § 349, subd. 2. The fact that they are in some sense discretionary does not affect this right of review in the general term, although it would be otherwise in the court of appeals. *Matter of Duff*, 41 How. 350.".

"The affidavit of Williams is more particular in its statements, but still radically defective. He says that he heard the vote proclaimed by one of the canvassers in the polling booth where it was canvassed. But he does not state that it was at the conclusion of the canvass or so near the time of it as in any form to have been connected with that act. Neither does he state that it was the canvasser who publicly announced that the vote was sixty-three for Stemmler, ten for Levinger and two hundred and eleven for McGuire. It is perfectly consistent with his statement that the canvasser proclaimed one result, and that the public announcement afterward mentioned was made by some other person giving entirely different numbers. It is true it may, by a very liberal construction, be inferred that the deponent intended to be understood as swearing both the proclamation of the canvasser and the public announcement to have been one and the same act. But he has not said so, and such inferences are not to be indulged in for the purpose of setting aside verdicts and judgments. The policy of the law, on the other hand, is to sustain them, unless the injustice of doing so is clearly made to appear. Parties are required to fully prepare their cases for trial, and if they fail to do so the peace and good order of society require that they shall suffer the consequences of their own want of diligence. They cannot be relieved from an adverse result unless the case made in support of the application is reasonably certain, credibly sustained, and fairly indicative of a different result upon another hearing, and that cannot be held to be the case unless the newly-discovered evidence is shown to be properly admissible, and so far reliable as to render it worthy of belief. To render the announcement proper, as evidence, it should have been shown, if that could truthfully have been done, that it was made by the canvasser referred to, and so near the time of the canvass as to have indicated an official statement of the completion of that act. Then it would probably be admissible as part of the *res gestæ*. But that the affidavit of the proposed witness entirely fails to do.".

" No hardship is required of a party preparing *ex parte* affidavits in support of such an application to require him to show, to a reasonable degree of certainty at least, that what he relies upon as newly-discovered evidence would be received upon another trial in case it should be ordered."

" The rule upon this subject is quite well settled. And it requires the affidavits used to support the application to show the existence of other evidence not available by the use of reasonable diligence on the trial already had, which, if then given, would probably have produced a more favorable result to the applicant. A failure in either respect will not only justify but require a denial of the application. *De Fonclear* v. *Shottenkirk*, 3 Johns. 170, 175 ; *Bunn* v. *Hoyt*, id. 255 ; *Harrington* v. *Bigelow*, 2 Denio, 109 ; *Powell* v. *Jones*, 42 Barb. 24.

" In support of the defendants' appeal from the order denying the motion made upon the minutes of the court to set aside the verdict, it is claimed that the canvassers' certificate should not be overthrown and annulled simply by the oral evidence of other witnesses. But this position cannot be sustained because it is in direct conflict with the rule prescribed by the cases of *People* v. *Pease*, 27 N. Y. 45, and that of *People* v. *Thacher*, 55 id. 525. That such a result might be produced by oral evidence was held in both these cases. And if it could not be, a degree of impunity would be secured to frauds in elections which the law never has permitted in any different transactions. Falsehood, deceit and fraud have been held to so far taint and impair the most solemn and formal instruments and records, as to justify the courts in annulling and declaring them void, even when the vice has been solely dependent on oral evidence for proof of its existence. *Dobson* v. *Pearce*, 12 N. Y. 156 ; *Wanier* v. *Blakeman*, 4 Keyes, 487.

" No reason exists for excluding cases of this description from the operation and effect of this rule. For it is even more important that these transactions, on which all the powers and functions of good government depend, should be free from fraud, misconduct and corruption, than it is to preserve the purity of the ordinary affairs of life and business. If the franchise is to be fraudulently perverted and defeated, without the abuse being liable to correction by the ordinary means of evidence, it will be denied that security which constitutes the shield and protection of even trivial rights of property. And that would certainly offer a reward for artifice, trickery and deceit in the management of elections which would soon result in rendering them the subject of universal contempt. It is difficult

to imagine a device which would more surely end in an entire disregard of the wishes of the electors, as they might be expressed by the ballot. Iniquity of this nature is entitled to no such immunity. And it is due to the institutions of the country that all frauds tending to diminish the efficiency of popular elections should be discovered and redressed by the same means that are resorted to for the purpose of rendering them ineffectual in other cases.

"Neither can any different measure of evidence be required to establish fraud or official misconduct in cases concerning proceedings under the election laws than has been found sufficient in cases involving other rights and interests. This may render official tenures somewhat uncertain, but it will not expose them to any unwarrantable danger where the title of the officer is really well founded in fact. The real danger will be to fabricated, and fraudulent official titles, and they are not so much entitled to support as to require any new or uncommon rules to be invented for their protection. On the contrary, the lasting as well as paramount interests of every society will be best promoted by extending all reasonable facilities to the discovery and suppression of frauds of this character."

"As no other grounds have been taken in support of the appeals from the order denying a new trial on the minutes and from the judgment recovered, it follows that they should each be affirmed with costs. And, for the reasons already given, the order setting aside the verdict and directing a new trial for newly-discovered evidence should be reversed and the motion denied with costs.

"The other appeal, taken from the order denying a stay of all proceedings as distinguished from the proceedings to re-try the cause, it is not necessary now to consider. The disposition of the other appeals renders that entirely unimportant. For that reason it may as well be dismissed without costs, since the order applied for related to a simple matter of practice."

*Ordered accordingly.*