CASE No. 958.

DEVEREUX v. CHAMPION COTTON PRESS COMPANY.

Where a jury, before dispersing, assented to a verdict, which was duly written and sealed up, but upon the re-assembling of court and before publication the foreman openly stated that some of the jurors now dissented from their finding—*Held,* that such verdict should not have been received. *Perry* v. *Mays,* 2 *Bail.* 354, recognized and approved.

Before PRESSLEY, J., Charleston, February, 1880.

Action by John H. Devereux against the Champion Cotton Press Company for injury to his realty by reason of the unlawful use by the defendant of its property near that of plaintiff. The jury found a verdict for the plaintiff for $1000, under the circumstances stated in the opinion of the court. The defendant moved for a new trial upon three grounds: (1) that the verdict was without evidence to sustain it; (2) that the damages

were excessive; and (3) that the verdict was not the verdict of the jury, but only of a majority of them. The presiding judge overruled the motion. Defendant appealed upon the third ground taken in support of his motion for a new trial.

Mr. C. H. Simonton, for appellant.

Mr. L. De B. McCrady, contra.

January 10th, 1881. The opinion of the court was delivered by

McIver, A. J.   In this case, at the trial below, "the jury had been authorized to seal up their verdict and render it next morning. Then, before rendering it, the foreman  *  *  * stated that the jury had agreed on a verdict, which had been sealed as directed, and that, subsequently, in the morning, some of them had notified him that they did not assent to the said verdict." The Circuit judge, upon being informed that there was no dissent until after the jury had separated for the night, received the verdict and directed the clerk to publish and record it.   A motion for a new trial was made on various grounds, one of which was "because the verdict was not the verdict of the jury, but only of a majority of them," which motion was refused, and the defendant now appeals upon the ground above stated. So that the precise question made by this appeal is, whether a sealed verdict, which was assented to by all of the jurors at the time it was sealed and before the jury were permitted to separate, can be afterwards received by the court, published and recorded, in face of the statement made by the foreman as the organ of the jury, that some of the jurors did not then assent to the verdict.   This question is, we think, conclusively settled by the case of Perry v. Mays, 2 Bail. 354.   In that case, the jury not having agreed when the court was about to adjourn for the day, leave was granted them, with the consent of the parties, to separate after they had agreed and to deliver their verdict next morning.   At the opening of the court on the next day the foreman delivered a sealed verdict, when one of the jurors stated that "it was not his verdict, but he had agreed not to oppose it,

in order to get out." The verdict was received and recorded, and this was made the basis of the last ground of appeal. Harper, J., in delivering the opinion of the court, said : " No doubt a new trial must be granted on the last ground taken for that purpose. It is said by Blackstone, (3 *Com.* 377), 'a privy verdict is where the judge hath left or adjourned the court, and the jury being agreed, in order to be delivered from their confinement, obtain leave to give their verdict privily out of court; which verdict is of no force unless afterwards affirmed by a public verdict given openly in court, wherein the jury may, if they please, vary from their privy verdict; so that the privy verdict is, indeed, a mere nullity, and yet it is a dangerous practice, allowing time to tamper with the jury, and, therefore, very seldom indulged. But the only effectual and legal verdict is the public verdict, in which, they openly declare to have found the issue for the plaintiff or for the defendant.' The case of *Root* v. *Sherwood,* 6 *Johns.* 68, seems in point to the present question. Before the jury retired the parties agreed that the jury might deliver a sealed verdict; yet it was held that when the jury came into court to deliver the sealed verdict either party might have the jury polled, and any of the jurors might dissent from the verdict to which they had previously agreed. See, also, the cases of *Blackley* v. *Sheldon,* 7 *Johns.* 32, and *Saunders* v. *Freeman, Plowd.* 211. The practice of allowing a jury to give a privy verdict, or to seal up their verdict, is considered by our courts to be a dangerous one, and is never allowed without the consent of the parties. If the parties will consent that the verdict may be thus given, they must take the risk of the jury being tampered with." In addition to the authorities cited in this case, which, upon examination, will be found fully to support it, we may add the cases of *Bunn* v. *Hoyt,* 3 *Johns.* 255; *Douglas* v. *Tousey,* 2 *Wend.* 352; *Lawrence* v. *Stearnes,* 11 *Pick.* 501. In the last-named case the verdict was agreed upon during the night, though not reduced to writing, when the jury was permitted to separate, with the understanding that they would meet in the morning and put the verdict in proper form. When they assembled the next morning one of the jurors refused to concur in the verdict which had been agreed upon the night before, and stated to the court that a verdict had

been agreed upon the night before in which he then concurred, but that after their separation he had more maturely considered the whole subject, and could not conscientiously assent to the verdict. Shaw, C. J., in delivering the opinion of the court, said : " The only verdict which can be received and regarded as a complete and valid verdict of a jury upon which a judgment can be rendered, is an open and public verdict, given and assented to in open court as the unanimous act of the jury, and affirmed and entered of record in the presence and under the sanction of the court." Then, after alluding to " a convenient practice," which had been adopted in this country, of permitting a jury to seal up their verdict and separate, in case they should come to an agreement while the court was not in session, proceeds to say : " But in such case the verdict is to be affirmed in open court as the unanimous act of the jury and in presence of the whole panel. * * * Such an affirmation is the only evidence the court can receive of the free and unanimous assent of the jury to the verdict." These authorities establish the proposition that until a verdict has been published and recorded, it may be recalled and altered by the jury, and if it is made known to the court, when it is proposed to render the verdict, that any one of the jurors does not *then* assent to it, such verdict cannot be received, but the record should be recommitted to the jury with directions to retire to their room until they have agreed, as seems to have been done in *Bunn* v. *Hoyt, supra,* and in *Douglas* v. *Tousey, supra.*

The judgment of the Circuit Court is reversed and a new trial is ordered.

SIMPSON, C. J., and McGOWAN, A. J., concurred.