By the Court.—Truax, J.
1st and 2d. It is well settled that a new trial will not be granted for the sole purpose of enabling a party to impeach the witness of his opponent (Knoop v. Kammerer, 44 How. 449 ; People ex rel. Stemmler v. McGuire, 2 Hun, 269 ; Woolf v. Jacobs, 34 Super. Ct. 509 ; Chapman v. O’Brien, 39 Id. *287 244 ; Bunn v. Hoyt, 3 Johns. 255 ; Duryea v. Dennison, 5 Id. 248 ; Fleming v. Hollenbeck, 7 Barb. 271; Sims v. Sims, 12 Hun, 231; Carpenter v. Coe, 67 Barb. 411).
3d. If the counsel for the defendant had used the diligence in looking for the witness, McMenamin, before the trial, that they used in looking for him after the judgment had been affirmed by the general term of this court, they undoubtedly would have found him. But there is another reason besides the defendant’s laches, why the motion for a new trial was rightly denied ; this newly discovered evidence is not so decisive in character that it would certainly be productive on another trial of an opposite result (Darbee v. Fowler, 67 Barb. 359 ; Fowler v. Kelly, 43 Super. Ct. 380).
4th. The excuse offered for not calling the witness Bafferty, who was in court, is not a good one ; besides, Bafferty, if he should testify to what the defendant says he will testify, will be met by his affidavit, which was made shortly after the accident, and which sustains the plaintiff’s version of the accident, and contradicts Bafferty’s new version. McMenamin also made an affidavit, shortly after the accident, which corroborates the plaintiff in all essential particulars (Woolf v. Jacobs, 34 Super. Ct. 509 ; Chapman v. O’Brien, 39 Id. 244).
Hew trials are sometimes granted on the ground of “surprise.” This means that the party asking the new trial was surprised by evidence given by his adversary (Messenger v. Fourth Nat. Bank, 6 Daly, 190). It does not mean that the party or his counsel was surprised or astonished at the refusal of one of his own witnesses to testify as he hoped or expected the-witness would testify.
Order appealed from to be: affirmed, with $10 costs, and disbursements to be taxed.
Sedgwick, Ch. J., concurred.