### TIGUE *v.* ANNOWSKI.

#### (*Superior Court of Buffalo, Trial Term.* June, 1889.)

NEW TRIAL—SURPRISE—NEWLY-DISCOVERED EVIDENCE.

In an action to recover money loaned, defendant claimed that it was given to her as a present by her son, who, as a witness, denied that in proceedings supplementary to execution against him he testified that he borrowed the money for his mother as her agent. Plaintiff and two other witnesses testified that he did so testify in the supplementary proceedings. Defendant was then granted leave to call a witness to sustain the son's testimony, but neglected to subpœna him, and on his failure to appear the case went to the jury, who rendered a verdict for plaintiff, to which no objection was made as to the principles on which it was found. *Held,* that a new trial on the ground of surprise and newly-discovered evidence could not be granted.

On motion for a new trial.

*Assumpsit* by Thomas Tigue against Caroline Annowski to recover $200 loaned to her through her son, John R. Annowski, as her agent. Judgment for plaintiff, and defendant moves for a new trial.

*John T. Gardner,* for plaintiff. *Roberts, Alexander & Messer,* for defendant.

TITUS, J. This action was brought to recover $200 claimed to have been loaned to the defendant by the plaintiff in 1882. The answer is a general denial. On the trial the plaintiff gave evidence to establish his cause of action, and the defendant's proof tended to disprove the plaintiff's claim. The theory of the plaintiff's case is that the plaintiff loaned the money to the defendant at the request of John R. Annowski, a son of the defendant, as her agent. While the defendant admits that she received the money from her son, it was not as a loan from the plaintiff or anybody else, but a Christmas present to her, from her son, John R.; that she did not borrow the money or authorize her son to borrow it for her. On the trial, John R. Annowski was called as a witness for defendant, and testified, in substance, that in 1883 he had a lawsuit with one Guerdin I. Ingersoll, in which a judgment was obtained against him, and that proceedings supplementary to execution were instituted on that judgment, and he was examined in reference to his property before Mr. Le Clear, as referee. He says he did not, in that proceeding, testify that he borrowed $200 from the plaintiff for his mother, or as her agent, and give it to her. After defendant had rested her case witnesses were called by the plaintiff for the purpose of contradicting the statement of John R. Annowski as to the testimony he gave in that proceeding. Ingersoll and Gard-

ner both testified that Annowski was sworn as a witness in that proceeding, and testified that he borrowed the money from Tigue for his mother, and gave it to her. The plaintiff was called and testified that he had a conversation with Annowski about the $200 at the time the supplementary proceedings were pending, and the witness says he told him that he got the money for his mother, and he said that was what he had sworn to. The case was submitted to the jury, and they returned a verdict in favor of the plaintiff for the amount claimed.

The defendant now moves for a new trial, on the ground of surprise and newly-discovered evidence. The defendant's counsel claimed that he was taken by surprise, and did not know, and had no reason to expect, that any such evidence would be given, or was in existence. He also claims that Mr. Calkins and Mr. Emery were the attorneys having charge of Annowski's case in the supplementary proceedings, and, after consultation and after refreshing their memories, recalled the fact that said Calkins was present at the examination of Annowski, and would testify on another trial that Annowski testified in that proceeding that he obtained $200 from Tigue, and gave it to his mother as a Christmas present; that he did not borrow the money as the agent of his mother. It appears from the papers in the case that after the plaintiff had given his proof contradicting the statement made by the witness, John R. Annowski, on his cross-examination, that the defendant's counsel asked for time to make an investigation about the matter testified to; that the court took a recess to enable the counsel to present such evidence as he should discover to sustain the testimony of Annowski upon this point. On the reassembling of the court, the counsel announced that Mr. Emery was expected as a witness upon that point, but that he had not yet appeared. After waiting some further time for Mr. Emery, the case was presented to the jury by the counsel. It appears that Mr. Emery was not subpœnaed, but had agreed to come into court and give his testimony. These are substantially all the facts bearing upon this question.

I have made a careful examination of the authorities submitted by the respective counsel, and have examined such other cases as have been brought to my attention. To entitle a party to a new trial on the ground of newly-discovered evidence, it must appear (1) that the evidence has come to his knowledge since the trial; (2) that there was no want of diligence on his part, that he did not sooner discover it; (3) that it is not accumulative; (4) that it is so material and important that it would probably produce a different result if a new trial were had. *Bank* v. *Heaton,* 6 Thomp. & C. 37; *Railroad Co.* v. *Sage,* 35 Hun, 95. It cannot fairly be said that the proposed evidence of Mr. Calkins would cause the jury to come to a different conclusion. It would simply present more fully the defendant's side of a collateral issue, and the jury might properly find the same verdict with the new evidence as it did before. It presents no new question, and is of the same nature as the testimony given on the former trial. It is simply additional testimony of like character to that given by the witnesses Tigue, Gardner, and Ingersoll, although it disputes their evidence. *Schultz* v. *Railroad Co.,* 47 N. Y. Super. Ct. 285. It is not claimed that the jury made a mistake as to the principles on which their verdict was made up. *Sargent* v. ———, 5 Cow. 106. The most that can be said for it is that it would present to the jury the evidence of one additional witness upon a disputed fact. In disposing of this motion, as I understand the rule, the testimony of Mr. Emery cannot be considered, for the reason that all of the facts which are within knowledge of Mr. Emery were known to the defendant's counsel at the time. He omitted to subpœna him, and he cannot now claim anything from his testimony. *Messenger* v. *Bank,* 6 Daly, 190; *Gawthrop* v. *Leary,* 9 Daly, 353. If the defendant was surprised by the unexpected absence of his witness, or his inability by reason of the occurrence of some unexpected circumstance in the case to meet the evi-

dence, he should have asked for the suspension of the trial, or for leave to withdraw a juror, and not wait to see whether the jury might not, after all, give him a verdict. It is only evidence that is discovered after the trial for which the party can ask a new trial, and not for evidence of which the defendant knew of its existence, but was unable to get it. *Seaman* v. *Koehler,* 12 N. Y. St. Rep. 582; *Shattuck* v. *Bascom,* 15 N. Y. St. Rep. 1013; *Hurlbert* v. *Parker,* 5 N. Y. St. Rep. 454; *Soule* v. *Oosterhoudt,* 20 Wkly. Dig. 67; *Peck* v. *Hiler,* 30 Barb. 655; *Messenger* v. *Bank,* 6 Daly, 190. This evidence partakes of the character of impeaching testimony, and it is for the purpose of sustaining the evidence of the witness Annowski, which has, to some extent at least, been impeached; and it is a well-established rule that a new trial will not be granted on newly-discovered evidence which tends merely to impeach the credit of a witness. This evidence which defendant claims he can produce, while it might tend to establish the main issue, is clearly on a collateral issue raised by the impeaching testimony. On such evidence new trials have uniformly been denied. *Shumway* v. *Fowler,* 4 Johns. 425; *Duryee* v. *Dennison,* 5 Johns. 249; *Beach* v. *Tooker,* 10 How. Pr. 297; *Carpenter* v. *Coe,* 67 Barb. 411. I am therefore of the opinion that the motion for a new trial should be denied.