the living well of reason, instead of being content to lick up from the muddy, trampled earth around it the green and stagnant leakage of the past. And so the science of law, which was once deemed the perfection of human reason, is being left behind by every other science. The last word has not yet been said on any subject. Judgment for nominal damages, without costs and without injunction.

Judgment accordingly.

(35 Misc. Rep. 422.)

DIXON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Trial Term, Kings County.  July, 1901.)

NEW TRIAL—SURPRISE AS TO EVIDENCE.

A woman was injured in a railroad accident, and examined 12 days thereafter by the company's surgeon. No reference was then made to an injury in her groin. More than 18 months thereafter, on a trial of an action for injuries received in the accident, she testified as to a hernia caused by the accident, which had continued to increase up to the time of the trial. The complaint alleged serious and lasting bodily injuries. *Held*, that the verdict in her favor would be set aside on the ground of surprise to defendant at the first proof of such a serious injury.

Action by Maggie Dixon against the Brooklyn Heights Railroad Company. Verdict for plaintiff. Motion for new trial on the minutes. Motion granted.

Morris & Whitehouse, for plaintiff.

Sheehan & Collin, for defendant.

RUSSELL, J. The motion for a new trial upon the minutes does not reach the question as to the right of the plaintiff to recover some compensation. It is rightly placed upon the ground of surprise on account of the character of the claim of serious injury, first made known to the defendant upon the trial, and the effect of which could not be wholly realized until the verdict of the jury was pronounced. That verdict was for $3,500, an amount which might be considered excessive but for the claim that hernia was produced by the accident, of which claim it was apparent the defendant could have no reasonable anticipation, partly on account of a fair assumption from the conduct of the plaintiff herself that the injuries for which compensation was demanded were of a different resulting character. The charge in the complaint averred that plaintiff had sustained "serious and lasting bodily injuries, and injuries to her head, limbs, and nervous system, as well as internal injuries." The manner in which the reference to internal injuries was added to the primary ones alleged might reasonably induce the defendant to believe that no specific troubles of the internal system could be averred. That complaint was verified the 5th day of January, 1900; the accident occurring the 25th of October, 1899. Twelve days after the accident the plaintiff was examined by the surgeon for the railroad company, at which time she told the surgeon the kind of injuries under which she suffered. She made no reference whatever to any injury to her groin, although

she testified upon the trial that such an injury began immediately after the accident, and continued to increase. If this surgeon had insisted upon examining her whole person, he would have transgressed his province, and proceeded with a degree of indelicacy which no information from the plaintiff would have justified. Had the railroad company been apprised thereafter of any claim or suspicion that the serious injury of hernia had been caused by the accident, steps could have been taken to have procured a further examination, so that the defendant would not have been rendered practically helpless to meet this important issue upon the trial. A fair inference that the plaintiff intended to conceal the most serious basis of her claim for compensation, until displayed upon the trial, arises from her acts adverted to, and from the nonproduction of the physician who attended her in her illness, as well as from her not procuring any examination of the hernia by a physician until ten days before the trial, being more than one year and a half after the accident. The physician who attended her during the time she claimed to have been ill from the accident was not advised by her of the serious hernia which she testified to until three weeks before the trial. The presence of a large hernia more than a year and a half after the accident may be deemed to have been established by the testimony of Dr. Bishop, called as a witness by the plaintiff. Whether it came from the accident depended upon the testimony of the plaintiff herself. To make her testimony, giving her credit for a willingness to tell the entire truth, sufficient to justify an award of damages for the injury of hernia as a proximate result from the injury sustained at the time of the accident, it was necessary that she should have shown conscious perception from the occurrence to the time of her testimony of the origin, continuance, and result of the swelling in the groin from her own bodily sensations and personal observation. Therefore, if the appearances were so trifling that she did not think it necessary to mention them to Dr. Riggs 12 days after the accident, or to her attendant physician for the weeks and months during which she sought his help, they are certainly insufficient to furnish reliable proof from her testimony that a hernia as large as an orange, existing a year and a half after the accident occurred, came from that accident itself, and so furnished just cause for very considerable compensation to her from the railroad company. The interests of justice require that a new trial should be had, and the omission to ask to withdraw a juror before the rendition of the verdict, under the circumstances of this trial, is no bar in the way. Tyler v. Hoornbeck, 48 Barb. 197; Bank v. Adams, 67 N. Y. 318. Upon a new trial, if the claim of the plaintiff is right, she can maintain successfully her demand for damages to their full extent, and the defendant will have a fair opportunity to meet that claim as now displayed. Motion for a new trial granted upon payment of trial fee and trial disbursements.

    Motion granted upon payment of trial fee and trial disbursements.