### SIMPSON v. HEFTER.

(Supreme Court, Appellate Term. May 5, 1904.)

1. TRIAL—SUBMISSION OF ISSUE TO COURT—DISCHARGE OF JURY—RESUMING TRIAL TO JURY.

Where a party to a cause was led to believe on the trial, by a statement of the justice, that the latter's view of the law was favorable to him, and he acquiesced in a submission of the cause to the justice for decision, and the jury was discharged, but the decision was at variance with the statement made by the justice, the trial could not thereafter be resumed before the jury.

2. TRIAL—TRIAL BY COURT WITHOUT JURY—REMEDY OF DEFEATED PARTY—MOTION FOR NEW TRIAL—APPEAL.

After a trial of the whole issue by the court without a jury, a motion for a new trial on the minutes of the trial justice does not lie, the remedy of the defeated party in such a case being an appeal from the judgment under Code Civ. Proc. § 1346, granting an appeal from a judgment rendered on a trial to the court.

3. JUDGMENT—SETTING ASIDE—SURPRISE.

Where, in an action on a note, plaintiff's counsel acquiesced in a submission of the case to the decision of the justice, relying on a statement of the justice as to his view of the law, but the decision of the justice proceeded on a theory at variance with his statement, plaintiff was entitled to make a motion for a new trial on the ground of surprise or excusable neglect.

Appeal from City Court of New York, Special Term.

Action by Thomas Simpson against Louis Hefter. From an order vacating an order denying a motion by plaintiff for a new trial, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Blandy, Mooney & Shipman, for appellant.

Blumenthal, Moss & Feiner, for respondent.

FREEDMAN, P. J. Upon the close of the evidence adduced upon the trial by both parties, the plaintiff moved for judgment for the amount of the note sued upon, and the appeal book shows that then, after some discussion, the following took place:

"The Court: Without going any further into these decisions which your adversary cites, which are long subsequent to the passage of the negotiable instruments law (and I think the facts are pretty well conceded here), I will discharge the jury from further consideration of the case, and will decide this upon any authorities you desire to submit, and then I will have a chance to give due consideration to the cases you have quoted. Plaintiff's Attorney: That is very acceptable to me. Do you consider it important, in the determination of this question, to know whether Mr. Simpson had any notice whether this was an accommodation note? The Court: No, because section 55 of the negotiable instruments law [Laws 1897, p. 728, c. 612] says it is immaterial whether it was an accommodation note or not, so long as the person who purchased it paid value for it; and he testified that he paid $840 for it. Plaintiff's Attorney: And we vest in your honor power to direct. The Court: Put that on record. Defendant's Attorney: This is done on the motion made by Mr. Blandy for a direction of a verdict, as I understand it; I don't ask for a direction here. The Court: I understand that. Defendant's Attorney: I don't ask for a direction; I am simply answering the application for a direction. (Briefs and testimony to be submitted by the 19th inst.)"

The jury was thereupon discharged. Subsequently the trial justice sustained defendant's contention and directed judgment for defendant (87 N. Y. Supp. 243), and, against the protest of plaintiff's counsel, made findings of fact and conclusions of law upon which judgment was entered in favor of the defendant. The plaintiff's counsel then procured from the trial justice ex parte an order, purporting to have been made at a trial term, denying his motion for a new trial. The recitals of this order show that the grounds upon which it was applied for were, briefly stated, as follows: (1) That the court erred in not confining its action to deciding plaintiff's motion for a direction; (2) that upon the denial of such motion the trial should have been resumed to enable the plaintiff to introduce further evidence; (3) that the court committed other errors in the course of the trial; and (4) that the judgment as directed is contrary to the evidence, contrary to the law, and contrary to the practice. A motion was thereupon made by the defendant, upon all the papers and proceedings in the action, to vacate the order denying plaintiff's motion for a new trial. This motion was granted, and from the order entered thereon the present appeal was taken.

The awkward condition into which this case has been thrown is to be regretted. I fail to perceive how the trial could have been resumed before a jury which had been discharged with plaintiff's consent. Moreover, plaintiff's counsel had made no motion or suggestion that

in the event of an adverse decision he should have the privilege of introducing further evidence. On the other hand, it sufficiently appears that the submission of the case to the trial justice for decision was acquiesced in by plaintiff's counsel, upon the statement of the justice that he considered it of no importance to know whether the note sued upon was an accommodation note or not, as long as it appeared, as it did appear, that the plaintiff had purchased it for value; and that in the end the decision of the justice proceeded upon a theory at variance with the statement made at the time of the submission. But, after all, the order appealed from is right, as far as it goes. It simply decides that, after a trial of the whole issue by the court without a jury, a motion for a new trial upon the minutes of the trial justice will not lie. That in such a case an order denying such a motion is unauthorized, and presents no question for review by the Appellate Court, has been expressly decided in Rosenquest v. Canary, 27 App. Div. 30, 50 N. Y. Supp. 111. The remedy of the defeated party in such a cas is by an appeal from the judgment under section 1346 of the Code of Civil Procedure. This section is made applicable to appeals from final judgments rendered in the City Court by section 3188 of the Code of Civil Procedure. The plaintiff in the case at bar must therefore be left to pursue the proper remedy. If, upon the appeal from the judgment, he can satisfy this court that reversible error was committed or that there was a mistrial, the proper relief will be granted to him. Moreover, if he can establish surprise or excusable neglect, he may make a special motion for a new trial on either or both of such grounds, at the Special Term of the court below, upon affidavits and a case duly made and settled. Tyler v. Hoornbeck, 48 Barb. 197; Anderson v. Carter, 24 App. Div. 462, 49 N. Y. Supp. 255; Shuttleworth v. Winter, 55 N. Y. 624; Born v. Schrenkeisen, 52 N. Y. Super. Ct. 219. A motion of this character is addressed to the sound discretion of the court, and for the purpose of considering and determining it the court possesses more ample power than a trial justice in a jury case on a motion for a new trial on his minutes.

The order appealed from must be affirmed, with costs and disbursements. All concur.

