## DIXON v. GRAHAM et al.

1. NEW TRIAL: COURT OF EQUITY: ACTION AT LAW. A court of equity rarely grants a new trial in an action at law, and will do so only when the court having jurisdiction of the cause has ceased to have power to grant a new trial, and where sufficient ground is shown to entitle the complainant to the same in the main action, together with a clear and satisfactory reason why the application was not made to the court having jurisdiction of the cause within the time within which it was competent to grant it.

*Appeal from Lee District Court.*

THURSDAY, JUNE 9.

THE petition was filed in February, 1862, to enjoin the collection of a judgment, which it is alleged that the defend-

ant, Graham, obtained against the plaintiff in December, 1857; and for a new trial in the action in which the judgment was rendered. The main ground for the relief asked consists in the allegations of the plaintiff, that the said judgment against him was procured by the false and fraudulent testimony of one Hamilton.

A demurrer to the petition and amended petition being sustained, the plaintiff appeals.

*Marshall & Todd* for the appellants, cited Story Eq. Jur., §§ 874, 879–883.

*Rankin & McCrary* for the appellee, cited *Pelamourges* v. *Clark*, 9 Iowa, 1; *Hammond* v. *Wadham*, 5 Mass., 353; *Bunn* v. *Hoyt*, 3 Johns., 255; *Latterett* v. *Cook*, 1 Iowa, 4; *Houston* v. *Wolcott & Co.*, 7 Id., 173.

DILLON, J.—The petition in this cause is in substance an application to a court of equity to grant a new trial after a judgment at law.

Bills of this kind were ever regarded with great jealousy by courts of equity, as tending to unsettle the judgment of courts, and to re-open, renew and protract litigation. But in modern times, when liberal provisions are made by statute for the granting of new trials; and when this power is liberally and intelligently exercised by the courts in which it resides, and its improper exercise is the subject of review on appeal, the instances in which equity interferes are rare and exceptional. The only case of the kind ever before this Court is *Hoskins* v. *Hattenback*, 14 Iowa, 314.

If a new trial could be had upon the showing made in the present bill, there would be no end to judicial controversies. To grant the relief asked on the grounds alleged, would be to offer a bounty to negligence, and a premium for delay.

The plaintiff's case is characterized by the following circumstances:

*First.* There is a delay of between four and five years to file this bill. It is not distinctly alleged when the plaintiff first became aware that a fraud was practiced upon him in the testimony given at the trial. For aught that appears, it may have been four years before the bringing of the present action.

*Second.* The plaintiff gave notice of an appeal to the Supreme Court from the judgment complained of, and suffered the judgment to be affirmed without prosecuting his appeal. Having given notice of an appeal, he was bound to prosecute it. The two excuses alleged are frivolous. One is, that the clerk improperly refused to accept a supersedeas bond, the filing of such bond not being necessary to perfect an appeal. The other is, that the Court improperly refused to sign his bill of exceptions, in consequence of which, the appeal, if it had been prosecuted, would have been unavailing. Upon his own statement it does not appear that the action of the Court was unjustifiable.

*Third.* While the plaintiff in the present petition states that the falsity of Hamilton's evidence was not known to him "until long after the trial," he does not state *when* it first became known to him, nor does he give the names or residences of the witnesses, or furnish their affidavits by whom he can show a state of facts contrary to that testified to by Hamilton. His allegation simply is, that he verily believes he can produce such testimony.

. To say nothing of what else the plaintiff ought to show, in order to entitle him to the relief asked, he ought, at least, to make out such a case as would have entitled him for the causes relied on, to a new trial in the main action. He has not even done this, and we mention the following:

*First.* There is no sufficient showing that he used diligence to obtain the testimony on the former trial, which he

now wishes to use. *Mays* v. *Deaver*, 1 Iowa, 216; *Pelamourges* v. *Clark*, 9 Iowa, 1.

*Second.* He does not lay before the court the facts newly-discovered, by the production of the affidavits of the newly-discovered witnesses, nor give any good reason for the omission. He does not, in his petition, even give their names and residences. *Manix* v. *Maloney*, 7 Iowa, 81; *Warren* v. *The State*, 1 G. Greene, 106; *Denn* v. *Morrell*, 1 Hall, 382.

*Third.* The character of the newly discovered evidence seems also to be objectionable as tending only to impeach the evidence given against the present plaintiff, on the former trial. *Bunn* v. *Hoyt*, 3 John., 255; 4 Id., 425; *Harrington* v. *Bigelow*, 2 Denio, 109; Graham on New Tr., 495.

A new trial is not granted without a further showing of facts entitling a party to it, even where a material witness has, since the trial, been indicted for perjury. 3 Gra. & Wat., 991, and cases there cited. And even if the successful party suborned a witness to swear falsely, a fact, however, which is not alleged in the present case, it does not necessarily follow that equity will, on this ground, relieve against the judgment. *Smith* v. *Lowry*, 1 Johns. Ch., 320. As showing in what cases equity will relieve against judgments and as sustaining the correctness of the decision below in dismissing the plaintiff's petition, see, in addition to the authorities above cited, *Johnson* v. *Lyon*, 14 Iowa, 431; Gr. & Wat. New Tr., Chap. 17; *Kriechbaum* v. *Bridges*, 1 Iowa, 14; *Faulkner* v. *Campbell*, Mor., 148; *Arnold* v. *Grimes*, 2 Iowa, 17; *Houston* v. *Wolcott*, 7 Id., 173; *Schricker* v. *Field*, 9 Id., 366; Story's Eq. Jurisp., §§ 887, 895; Willard's Eq., p. 357; *Piggott* v. *Addicks*, 3 G. Greene, 427.

The decree below is

Affirmed.