Graves *et al. v.* The State, *ex rel.* Cole, Auditor of Harrison County.

———————◆———————

No. 16,527.

GRAVES ET AL. *v.* THE STATE, EX REL. COLE, AUDITOR OF HARRISON COUNTY.

JUDGMENT.—*Review of.*—*Errors of Law.*—*Questions Brought into Record by Special Bill of Exceptions.*—*New Trial.*—*Assignment of Error.*—*Motion to Strike Out.*—Questions pertaining to changes of venue and the competency of jurors must be brought into the record by special bill of exceptions, and then made the ground of a reason for a new trial, and both the exception and motion must be filed with the complaint to review, in order to be available on complaint to review the judgment; and when assignments of error, in such an action, have no proper foundation in the record, they may be stricken out on motion.

SAME.—*Review of.*—*Errors of Law.*—*Complaint, Sufficiency of.*—*Assignments of Error.*—In an action to review a judgment for error of law apparent on the face of the record, the complaint must set out so much of the record in the original cause as may be necessary to present the same questions on appeal; and rulings constituting

Graves *et al. v.* The State, *ex rel.* Cole, Auditor of Harrison County.

proper reasons for a new trial can not be considered in review, unless embodied in a motion for a new trial.

COUNTY TREASURER.—*Suit on Bond.*—*Sufficiency of Complaint.*—*County Funds.*—*Failure to Account for.*—In an action on the bond of a county treasurer, the complaint stated, in substance, omitting the formal parts, that on the 15th day of September, 1883, the defendant, ———, entered upon his duties as treasurer of Harrison county, and thereafter, during the term of office for which he was elected, he collected and received, on account of taxes and other funds, money due such county, in the sum of $30,000, of the following funds, to wit: (setting them out); that on the 15th day of September, 1885, he duly qualified and entered upon the discharge of his duties as such treasurer for the second term, and "that *said defendant did not then have on hand the sum of money so collected and received as aforesaid, and did not account for, or pay over to himself, as his own successor, said sum of money or any part thereof, but had theretofore converted the same to his own use.*"

*Held,* that the complaint is sufficient, the italicized allegations establishing the facts that he did not have the money on hand at the beginning of his second term, that he did not account for it, and that he had converted it to his own use.

From the Crawford Circuit Court.

*B. P. Douglass* and *R. J. Tracewell,* for appellants.

*M. W. Funk,* for appellee.

DAILEY, J.—This was an action brought in the court below, by the appellant, John C. Graves, against his co-appellants and the appellee, to review a judgment rendered by the Crawford Circuit Court, on the 1st day of February, 1890, in favor of the State of Indiana, *ex rel.* Leslie C. Trotter, the auditor of Harrison county, against the appellants, for the sum of $2,200, and costs, in an action instituted against the said John C. Graves and his co-appellants as his sureties on his official bond as treasurer of Harrison county for his first term of office.

The complaint for review was filed by the appellant, John C. Graves, for alleged errors of law appearing in the proceedings and judgment sought to be reviewed,

making the other judgment defendants in the original cause, co-defendants with the appellee in this action.

Appellee appeared by counsel, and its co-defendants also entered their appearance. And, thereupon, the appellee, the State of Indiana, *ex rel.* Charles W. Cole, auditor of Harrison county, severing in its defense, filed on its own behalf a motion to strike out of the complaint the errors numbered 4, 5, 6, 7, 8, 8½ and 9, assigned therein, which motion was sustained by the court, to which ruling of the court the appellants excepted, and the motion, the decision of the court, and exceptions were made part of the record by the order of the court. Appellee then demurred to the complaint, which demurrer was sustained by the court, and the questions arising upon this ruling were saved by proper exceptions, and the plaintiff now declining to amend or plead further, judgment was rendered against him on his prayer for review, and in favor of appellee for his costs.

The plaintiff, in the court below, appeals to this court from the decision rendered on the complaint for review, and the co-defendants of the appellee, being defendants in the judgment sought to be reviewed, join in the appeal, assigning as errors:

1st. The ruling of the court below in sustaining the appellee's motion to strike out errors numbered 4, 5, 6, 7, 8, 8½ and 9, alleged in the complaint.

2d. In striking out the errors numbered 5, 6 and 9, alleged in the complaint, and,

3d. In sustaining appellee's demurrer to the appellant John C. Graves' complaint for review.

First, as to the ruling of the court in sustaining appellee's motion to strike out parts of the complaint.

As above stated, the complaint in this action is based upon alleged errors of law apparent in the proceedings

Graves *et al. v.* The State, *ex rel.* Cole, Auditor of Harrison County.

and judgment sought to be reviewed, and appellee's motion was to strike out of the complaint the errors numbered 4 to 9, inclusive, and each of them severally.

Three reasons were assigned as grounds for the motion:

1st. That each of the errors so numbered was irrelevant, immaterial and incompetent.

2d. That neither of the errors complained of was properly in the record.

3d. That no motion for a new trial was filed in the action sought to be reviewed, assigning the alleged errors, or either of them, as reasons therefor.

The ruling of the court in sustaining appellee's motion to strike out parts of appellants' complaint is the subject of the first objection discussed by the learned counsel for the appellants in their able brief, and presents the leading question for the consideration of this court. This motion to strike out parts of appellants' complaint was confined to the assignments of error therein contained numbered 4, 5, 6, 7, 8, 8½ and 9.

Appellants' counsel concede that there was no available error in the action of the court in sustaining the motion to strike out, as to errors assigned numbered 4, 7, 8 and 8½, but insist that the court erred in sustaining appellee's motion to strike out assignments 5, 6 and 9.

The question presented to the lower court, and the one that probably controlled its action in this case was this: Were the appellants in a situation to complain of these rulings of the court, they not having filed any motion for a new trial in said cause, in which these several rulings of the court were assigned as reasons for a new trial? In our opinion, there was but one question presented for the consideration of the lower court, and there is but one appearing in this court by the complaint to review and the record accompanying it, viz: "The sufficiency of

the complaint as originally filed, raised by assignments of error, in complaint to review numbered 1, 2 and 3.''

Section 615, R. S. 1881, provides that ''any person who is a party to any judgment, or the heirs, devisees, or personal representatives of a deceased party, may file in the court where such judgment is rendered a complaint for a review of the proceedings and judgment.''

There are but two causes for review of a judgment provided for by statute, and they are contained in section 616, R. S. 1881.

This proceeding is under the first cause specified in said section, ''error of law appearing in the proceedings and judgment.''

The record discloses that there was no motion for a new trial filed in the original cause, and, therefore, the ruling upon the motion for a change of venue, and the questions in relation to the challenge of jurors was not apparent upon the face of the record, nor properly a part of it, and the motion to strike out errors numbered 5, 6 and 9 was properly sustained, for the reason that there was no record to sustain these assignments of errors.

The special bills of exceptions in the record of this cause, relating to these assignments numbered 5 and 6, are improperly there and not available for the same reason.

A proceeding to review a judgment is in the nature of an appeal, and the complaint, where the proceeding is for error of law apparent on the face of the record, as in the case at bar, must set out so much of the record in the original cause as would be necessary to present the same question on appeal to this court. 1 Works' Prac., p. 691, sections 1049, 1050, 1051, and authorities there cited.

A party is required to file a motion for a new trial, before he can present a question on appeal to the Supreme

Court, and the same rule applies in like manner before error can be assigned in a complaint to review a judgment. Generally speaking, the trial of a cause is not ended until a motion for a new trial is disposed of or waived. 1 Works' Prac., p. 602, section 927, and authorities cited.

Stating the case differently, a party must ask relief from the judgment and rulings of the court complained of in the original action and during the trial, before he is entitled to appeal or review, in all rulings constituting a proper reason for a new trial. If the question is one to be saved by a special bill of exceptions, it must be filed in time and then made the ground of one of the reasons for a new trial, and both the exception and motion must be filed with the complaint to review, before an assignment of error would be effective. Error such as is assigned in numbers 5 and 6 of the complaint to review, to be available on appeal, must have been first brought before the court by special bill of exceptions, and then assigned as a reason for a new trial. 1 Works' Prac., sections 882, 932; *Boyd, by Next Friend,* v. *Fitch,* 71 Ind. 306; *Richardson* v. *Howk,* 45 Ind. 451; *Rice* v. *Turner,* 72 Ind. 559; *American Ins. Co.* v. *Gibson,* 104 Ind. 336; *Baker* v. *Ludlam,* 118 Ind. 87.

The authorities seem to be conclusive that all such questions as those pertaining to changes of venue and the competency of jurors must be brought into the record by special bill of exceptions, and then made the ground of a reason for a new trial, in order to be available on the appeal. And, under the same authorities, like steps are necessary before they become available on complaint to review.

It appearing, therefore, on the face of the record filed with the complaint to review, that there is no foundation for the assignments numbered 5, 6 and 9, the court prop-

erly sustained said motion to strike the same out, for the reasons stated therein.

The only remaining question to be considered is: Was the complaint filed in the original cause sufficient? that is, did it state facts sufficient to constitute a cause of action against the appellants?

The original complaint, as amended, upon which the judgment sought to be reviewed was rendered, is set out in the transcript, and, omitting the formal parts, alleges, substantially: "That on the 15th day of September, 1883, said defendant, John C. Graves, entered upon his duties as treasurer of Harrison county, and thereafter, during the term of office for which he was elected, he collected and received, on account of taxes and other funds, money due the said county of Harrison, in the sum of $30,000, of the following funds, to wit: County, $25,000; township, $500; special school fund, $500; road, $500; dog, $100; bridges, $100; State, $500; school funds, $2,300." * * * "That on the 15th day of September, 1885, he duly qualified and entered upon the discharge of his duties as such treasurer for the second term." That said John C. Graves did not then have on hand the sum of money so collected and received as aforesaid, and did not account for, or pay over to himself, as his own successor, said sum of money or any part thereof, but had theretofore converted the same to his own use."

In drafting this complaint, the pleader followed the form copied and approved in Works' Prac., volume 3, p. 83.

It is conceded by counsel for the appellants, that the complaint sufficiently avers that said Graves, as treasurer of Harrison county, had received, on taxes and other funds, the sum of $30,000, charged therein, during his first term of office, and that he duly qualified and

entered upon the discharge of his duties as such treas-urer for a second term, on the 15th day of September, 1885, as his own successor, but appellants argue that as the original amended complaint does not directly aver that he had not paid out the funds so received by him, as required by law, the facts alleged do not constitute a breach of the conditions of the bond, and we are re-minded of the rule that "The officer is entitled to the benefit of the presumption in favor of good faith, as well as to that in favor of the due performance of official acts, and these presumptions must stand in his support until they are overthrown by opposing facts properly pleaded." *Thompson* v. *Doty,* 72 Ind. 336 (339)

Despite this presumption, it seems to us that there could not have been used language more comprehensive to charge a breach of the bond. It avers "that the said John C. Graves did not then have on hand the sum of money so collected and received as aforesaid, and did not account for or pay over to himself, as his own successor, said sum of money or any part thereof, but had thereto-fore converted the same to his own use."

First, then, it is alleged that he did not have the money on hand.

Second. He had neither accounted for it nor paid it over to himself.

Third. That he had converted it to his own use.

Neither of these three important allegations, standing alone, would have probably been sufficient to show a breach of the bond; but when construed together, as they should be, every element of an infraction of this instru-ment is alleged, and the charge becomes strong and complete. In construing language employed, it should be given its natural and unstrained meaning.

Counsel say the complaint is insufficient for the reason that it is not alleged, in so many words, "That appellant

Graves had not paid out said sum according to law.''
The language employed, ''and did not account for,'' is a
stronger and more comprehensive expression. If he had
paid the money out according to law, then it would have
been accounted for, and it might have been accounted
for properly, without having been paid out according to
law.

We think the original amended complaint in the case
at bar is entirely sufficient and states a complete cause
of action against the appellants, and the demurrers were
properly overruled by the trial court.

There is no error in the record, and the judgment of
the court below is affirmed.

