No. 17,780.

JONES v. THE CITY OF TIPTON ET AL.

PLEADING.—*Complaint.*—*Review of Judgment.*—*Tax Lien.*—A complaint in an action to review a judgment finding that defendant has a valid and paramount lien for taxes on land sold to him in 1887, for delinquent taxes for 1886 and previous years, alleging that delinquent taxes for a specified amount were illegally placed on the city tax duplicate for 1881, is demurrable where it fails to show that such illegal taxes were a part of the taxes for which the land was sold in 1887.

REVIEW OF JUDGMENT.—*Complaint.*—*Material New Matter.*—*Taxes.*—Reasonable diligence in discovering the facts of the illegality of delinquent taxes spread upon a city tax duplicate nine years before the rendition of a judgment sought to be reviewed is not sufficiently averred by an allegation in the complaint that plaintiff made search for the facts, but could not find them in the city or county offices.

From the Tipton Circuit Court.

*J. Jones* and *Oglebay & Oglebay*, for appellant.

*Waugh, Kemp & Waugh* and *Beauchamp & Mount*, for appellees.

HOWARD, J.—On February 14, 1887, the city of Tipton, through her treasurer, sold the lot described in the

complaint for delinquent taxes for the year 1886, and previous years, to the appellee, John Akers. Afterwards, in 1890, the appellant brought her action against said Akers to set aside said tax sale to him, and to quiet title to said lot against his said claim for taxes. To this action, Akers, by way of cross-complaint, set up his purchase at tax sale and payment of subsequent taxes on said lot, and asked that in case appellant's title should be quieted, it be so quieted subject to his lien for taxes. The cause was submitted to the court for trial, and it was found that by reason of certain irregularities in the proceedings, the sale should be set aside, but that Akers had a valid and paramount lien in the sum of $85.20 for the taxes paid by him, and that, subject to such lien, the title of appellant to the lot should be quieted. A decree was rendered accordingly, and the lot ordered sold in satisfaction of the tax lien.

The present action was brought to review the foregoing proceedings and judgment, and the sustaining of a demurrer to the complaint for review is the only error assigned on appeal.

Why the city of Tipton was made a party to the action in review, is not apparent. The appellee Akers was sole defendant in the original action. There was, however, no separate demurrer on the part of the city, and the appeal must be decided on the joint demurrer.

The appeal was taken to the appellate court, but as an appeal from the judgment in the original case would have been to this court, the appellate court held that the appeal from the judgment in review should be to this court. The case was transferred accordingly. *Jones* v. *City of Tipton*, 13 Ind. App. 392.

The original action was upon the claim by appellant that the lot in question was never a part of the city of Tipton, and, hence, that the taxes, for which it was sold,

were wholly illegal. The action in review sets up a different theory, namely, while admitting that a part of the taxes are valid, yet that, by reason of material new matter discovered since the rendition of the first judgment, it appears ''that said real estate was never assessed for town or city taxes by the said town, now city, of Tipton, Indiana, nor placed on said town tax duplicate, until the year 1881, nor was the same liable for taxation, at which time the valuation of said property for the purposes of taxation was $265.00, and the rate of taxation for said year $1.15 on the $100.00; that on said tax duplicate of 1881, due and collectible in 1882, there is charged up delinquent taxes to the amount of $35.75 against said property, when in truth, and in fact, said property had never, prior to said year, been assessed for town or city taxes, nor the same placed on the tax duplicate of said city; and that said property was never returned as delinquent, neither by the town of Tipton, nor the city of Tipton, Indiana, as shown by the records of the clerk and treasurer of said city; that no warrant was ever issued by said city for the collection of said tax, no notice was ever given of the placing of said tax on the duplicate for collection, nor was the same liable to taxation prior to 1881.''

It is further alleged in the complaint for review, that the foregoing facts were unknown to appellant before the rendition of the original judgment, but that they have since been discovered by an examination of the tax duplicate of 1881.

There is some discussion by counsel as to whether the alleged new facts constitute ''newly discovered evidence'' which might have entitled appellant to a new trial, under the provisions of section 568, R. S. 1894 (section 559, R. S. 1881); or whether they constitute ''material new matter,'' such as might, under section

628, R. S. 1894 (section 616, R. S. 1881), entitle her to a review of the judgment against her.   We are of the opinion that the facts alleged, if available for any purpose, constitute material new matter, to be set out in new pleadings, and not merely new evidence to be given under the original pleadings.   *Nelson* v. *Johnson*, 18 Ind. 329.

It is very clear that new matter, discovered since the rendition of the first-judgment, in order to entitle the losing party to a review of that judgment, must be such matter, as, if alleged in the original pleadings, and supported by the evidence, would have entitled such party to a different judgment.   *Simpkins* v. *Wilson, Admr.*, 11 Ind. 541; *Francis* v. *Davis*, 69 Ind. 452.

We are unable, however, to perceive how the alleged new facts in this case would, if originally pleaded and proven, have changed the judgment.   In the original proceedings it was shown that the lot was sold to the appellee Akers, on February 14, 1887, "for the legal taxes then due on the same."   Of the judgment rendered on this tax sale, appellant says, in her complaint for review, "That on the 2nd day of December, 1890, in an action then pending in this court, the defendant, John Akers, recovered a judgment against this plaintiff for the sum of $85.20, which sum was found due the defendant upon a tax lien held by him, he having purchased the same at a delinquent tax sale, held by the city of Tipton, Indiana."

The new facts alleged show that, as appears on the city tax duplicate for 1881, there were, for that year, illegally placed upon said duplicate delinquent taxes to the amount of $35.75.   What connection there may be between the delinquent taxes of 1881 and those for which the lot was sold in 1887, is not shown.   For all that appears, the taxes due in 1881 may have been fully paid

before any of the delinquent taxes of 1887 had accumulated. While the lot was worth but $265.00 in 1881, it may, by reason of valuable improvements or by increase of its intrinsic value, have become worth very much more in 1887. Appellant also may have had personal property, whose unpaid taxes might have become a lien on the lot in question. The complaint for review does not show that the illegal delinquent taxes of 1881 were a part of the delinquent taxes of 1887, found to be all legal by the judgment of the court in 1890.

We are, besides, not at all clear, even if the facts alleged were material, that the appellant has shown due diligence in their discovery:

The facts were spread upon the tax duplicate of 1881; it would seem that with very little diligence they might have been there discovered before the rendition of the judgment in 1890. In the original proceedings, the appellant, by a suit to quiet her title, and by injunction, attacked the validity of all the taxes assessed against her lot. We do not think she now shows that she then exercised due diligence in failing to discover the amount and source of these taxes. She says she made search for the facts, but could not find them in the city or county offices. The tax duplicates were public records, which she had a right to examine ; and if she was refused opportunity to do so, the process of the court was sufficient to bring up all the public records of both offices. The general claim of diligence is not enough. The facts constituting the diligence used, should be given, that the court may judge of its sufficiency. *Osgood* v. *Smock*, at last term, and authorities cited.

The judgment is affirmed.

Filed November 26, 1895.