### Seisler *v.* Smith et al.

[No. 3,703.    Filed May 28, 1901.    Rehearing denied June 27, 1901.
Petition to transfer denied November 19, 1901.]

Review.—*Judgments.—Highways.—Obstruction.*—Where in an action for obstructing an alleged public highway, the court found on conflicting evidence that there was no public highway at the point obstructed, the judgment will not be reviewed because of alleged material new matter consisting of the record of the commissioners' court showing the establishment of a highway thirty or forty years before at the place obstructed.

From Wabash Circuit Court; *H. S. Biggs,* Special Judge.

Action by John Seisler against George Smith and others to review a judgment. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*N. O. Ross* and *G. E. Ross,* for appellant.

*M. B. Lairy, M. F. Mahoney, J. Mitchell, N. N. Antrim* and *W. B. McClintic,* for appellees.

HENLEY, J.—This was an action commenced by appellant against appellees to review a judgment because of material new matter discovered since its rendition. The complaint to review is in two paragraphs. The trial court sustained a demurrer to each paragraph of complaint. The sufficiency of the complaint is the only question presented here.

The judgment sought to be reviewed was rendered against appellant in an action commenced by him against appellees in which the relief prayed for was that certain obstructions in an alleged highway be declared a nuisance and that the same be abated and removed, and that appellees be forever enjoined from interfering with or obstructing appellant in the use and enjoyment of said highway. The issues presented at the trial of the cause wherein the judgment sought to be reviewed was rendered clearly appear from the complaint and answer filed therein. The second paragraph of the complaint was as follows: "And for a second and further cause of action against defendants, plaintiff says that he is the owner in fee simple and in possession of the following described real estate in Miami county, Indiana, to wit: The northwest quarter of the northwest quarter of section ten in township twenty-six north, of range four east; that the defendant, George Smith, is the owner in fee simple and in possession of the following described real estate in said county, to wit: The east half of the northwest quarter of said section ten, township and range aforesaid; that the defendant, the board of commissioners of Miami county, Indiana, is the owner in fee simple and in possession of the following described real estate in said county, to wit: The southwest quarter of section number three in said township and range, the same being now and for many years used by said defendant as a location for a county asylum for the poor, and known as the "Poor Farm". That the north half of the said Smith tract adjoins the said land of plaintiff on the east, and the said "Poor Farm" tract adjoins both the said Smith tract and plaintiff's said

land on the north; that for more than twenty years, to wit, from the year 1840 to about the year 1880, there was a public highway beginning at the Strawtown road, a public highway running north and south on the east line of said "Poor Farm" and Smith tracts, at the point where the dividing line between said tracts intersects said east line and running thence west along said dividing line to the northeast corner of plaintiff's said land, and thence on to the west, said road being of suitable width for a public highway, to wit, of the width of forty feet and lying one-half on either side of said dividing line; that said highway afforded free egress and ingress between said Strawtown road and plaintiff's said land, and was during all of said period traveled by the public under a claim of right so to do, which claim was known to and admitted by the successive owners of defendant's said lands; that about the year 1880 the defendant obstructed and completely closed said road by building a rail fence across the end of the same where it connects with the Strawtown road and by building a rail fence along the center of the same on the line dividing the said "Poor Farm" from said Smith's and plaintiff's lands, and has ever since maintained, and still maintains, said obstructions. Wherefore plaintiff asks judgment that said obstructions be declared a nuisance and be abated and removed, and that defendant be perpetually enjoined from maintaining said fences or otherwise obstructing or interfering with the free use and enjoyment of said highway."

The answer filed was a general denial. It became necessary, under the issues, that appellant, in order to recover, should establish the fact that at the time of the alleged obstruction there was a public highway at the point obstructed. Much evidence was introduced by the parties going to establish or controvert this issue. The finding was against appellant. The alleged material new matter for which appellant asks that the judgment be reviewed bears upon this issue, if upon any. The alleged new matter was, that since

the rendition of the judgment appellant had discovered in the auditor's office of Miami county certain pleadings, consisting of a petition to establish a highway, and report of viewers thereon. It is shown by said papers, which are made exhibits to appellant's complaint, that the highway therein petitioned for and reported as being of public utility is the same highway, or covered the same course, as the highway which appellant contends is obstructed. These papers at most could only be evidence of what they actually contained. They could not, and did not, contain anything which tended to prove that at any time a highway was ever established at the obstructed point. The record of the commissioners court establishing a highway in the years 1844 or 1849 over a certain course would only be evidence that a highway existed at that time. So giving appellant the benefit of all the evidence that might grow out of, or would naturally relate to the discovered papers, we cannot see how his cause is strengthened. If competent at all, it was only additional evidence upon an issue presented at the trial in which the judgment sought to be reviewed was rendered. *Barnes* v. *Dewey,* 58 Ind. 418. The lower court correctly sustained the demurrer to each paragraph of complaint.

Judgment affirmed.