### PEPIN ET AL. *v.* LAUTMAN.

[No. 3,465.    Filed December 12, 1901.]

NEW TRIAL.—*Complaint.*—*Fraud.*—*False Testimony.*—A complaint for a new trial charging that a judgment was obtained against complainant on a promissory note by reason of the perjured testimony of the plaintiff in such action, is insufficient where complainant was present at the trial and submitted the case with the alleged false testimony, and after judgment made no request for a new trial. *pp. 75–78.*

SAME.—*Complaint.*—*Fraud.*—*False Testimony.*—*Surprise.*—A defendant against whom judgment was rendered on a promissory note is not entitled to a new trial on account of surprise, under §399 Burns 1901, on a complaint charging that the judgment was obtained by reason of the perjured testimony of the plaintiff in such action. *p. 78.*

From Porter Circuit Court; *John H. Gillett*, Judge.

In an action by Jonas M. Lautman against Jule C. Pepin and others on a promissory note plaintiff recovered judgment, and defendants filed a complaint for a new trial on the ground that the judgment was obtained because of the perjured testimony of plaintiff. From an order sustaining a demurrer to the complaint, defendants appeal. *Affirmed.*

*W. C. McMahan* and *John C. Trainor,* for appellants.
*B. F. Ibach* and *J. G. Ibach,* for appellee.

Robinson, P. J.—Appellants, by a complaint, asked a new trial of an action wherein appellee obtained against appellants a judgment upon a note and a decree of foreclosure. A demurrer to the complaint was sustained and this ruling is the only question presented.

The substance of the charge in the complaint is that the judgment and decree were obtained solely through and on account of the perjured testimony of appellee, the plaintiff in that action. The complaint is in effect an application to a court of equity to grant a new trial after a judgment and decree in another action between the same parties. The right of a party to be relieved from a judgment, or to a review of the same, is not limited to the provisions contained in §§399, 628 Burns 1901. *Nealis* v. *Dicks,* 72 Ind. 374. Courts of equity have inherent power to annul judgments and decrees obtained by any means amounting to fraud. If it is made to appear that the successful party to the suit did something, or caused it to be done, which prevented a real contest in the trial or hearing of the case, a court will not hesitate to open the case for a new hearing upon its merits. *Cavanaugh* v. *Smith,* 84 Ind. 380; *Earle* v. *Earle,* 91 Ind. 27; *Brown* v. *Grove,* 116 Ind. 84, 9 Am. St. 823. See, *Asbury* v. *Frisz,* 148 Ind. 513.

The complaint, after setting out the alleged false testimony of appellee on the former trial, and the facts as it is averred they really were, avers that appellants had known appellee a number of years, had transacted business with

him, and that "they did not, until they heard him testify on the trial of said action, believe that" he would, testify falsely, but they believed he would testify the truth as to the matters then in issue and that "they were greatly surprised at the testimony so given" by him. The testimony which it is claimed was false went to establish the claim evidenced by the note appellee had sued on in his complaint, to which appellants had pleaded payment. They could not anticipate false testimony, but they were bound to know that upon the issue tendered by them evidence to support the claim would be given. This is not a case where judgment was taken against an absent defendant. So far as disclosed, when they heard the false testimony, knowing at the time that it was false, they made no effort to meet it, made no request for time to prepare to meet it, but concluded to submit the case with the false testimony and risk obtaining a judgment, and even after judgment had gone against them they made no request for a new trial. It is now averred that at the time appellee falsely testified he had and has now in his possession certain account books which if produced will show his testimony was false, and that they did not know of the existence of these books until after judgment was rendered. But it is not shown that any effort whatever, either by cross-examination of the party or otherwise, was made to learn of the existence of these books, although it is disclosed that appellee at the time kept a store, and that appellants at different times had purchased goods from him.

It is quite true that the ancient maxim "fraud vitiates everything" applies to a judgment as well as to a contract, but this maxim can apply only in cases where proof of fraud is admissible. It is also true that a false affidavit by a party, or a fraudulent instrument, might be so used in a pending suit as to amount to fraud. But the distinction must be kept in view between suits asking to set aside a judgment obtained directly by fraud, and to set aside a judgment

founded upon a fraudulent instrument or perjured testimony. In the former, the trial court was prevented by some matter outside the issue actually tried, from reaching the merits of the case; while in the latter, the court is asked to retry a matter in issue and which was, or might have been, actually contested in the former trial.

If the unsuccessful party is by any false promise kept away from court, or kept in ignorance of the suit, or is represented by an attorney who fraudulently connives at his defeat, or corruptly compromises his interests, he may be relieved from a judgment so obtained, because these are not matters submitted to the court in the actual trial of the case on its merits.

The perjured testimony was in a sense a fraud upon the opposite party, but that matter was itself before the court and was actually involved in the trial which resulted in a judgment, which is itself the highest evidence. It is not the policy of the law to retry a case between the same parties, where, in the former suit, they were present in court and subject to its jurisdiction, and the claims of the parties in a matter within the court's jurisdiction were presented to and considered by the court. The party present at the trial must be prepared to meet and expose perjury, because he must know that in no other way can a false claim be supported, and the purpose of the trial is to ascertain the truth, and that in doing so the court must determine the truth or falsity of the testimony given. As is said in 1 Herman on Estoppel and Res Judicata, 457: "The rules of evidence, the cross-examination of witnesses, and the fear of criminal prosecution with the production of counter-testimony, constitute the only security offered by law to litigants in such cases."

In *Hilton* v. *Guyot*, 159 U. S. 113, 207, it is said, "It has often, indeed, been declared by this court that the fraud which entitles a party to impeach the judgment of one of our tribunals must be fraud extrinsic to the matter tried

in the cause, and not merely consist in false and fraudulent documents or testimony submitted to that tribunal, and the truth of which was contested before it and passed upon by it." Wells, Res Judicata, §499; 1 Herman on Estoppel, p. 456 et seq.; United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; Vance v. Burbank, 101 U. S. 514, 25 L. Ed. 929; Steel v. Smelting Co., 106 U. S. 447, 453, 27 L. Ed. 226; Dixon v. Graham, 16 Iowa 310; United States v. Gleeson, 90 Fed. 778, 33 C. C. A. 272; Greene v. Greene, 2 Gray 361, 61 Am. Dec. 454; Tovey v. Young, Finch Prec. Ch. 193; Pico v. Cohn, 91 Cal. 129, 25 Pac. 970, 27 Pac. 537, 13 L. R. A. 336, 25 Am. St. 159; Hass v. Billings, 42 Minn. 63, 43 N. W. 797; Loucheine v. Strouse, 49 Wis. 623, 6 N. W. 360. See Moffat v. United States, 112 U. S. 24, 32, 28 L. Ed. 623; United States v. Minor, 114 U. S. 233, 242, 5 Sup. Ct. 836, 29 L. Ed. 110; Gray v. Barton, 62 Mich. 186, 28 N. W. 813. We believe the above rules applicable and controlling in the case at bar.

It is also argued that the complaint shows appellant entitled to relief, on account of surprise, under the provisions of §399 Burns 1901. But the facts pleaded do not make a case of surprise within the meaning of that section. Appellants had appeared to the action and interposed their defense. They were present at the trial. The matter in controversy was investigated in a court of justice according to the common and ordinary rules of investigation. Appellants are not asking that the judgment may be set aside in order that they may defend. "It will be observed," said the court in Beatty v. O'Connor, 106 Ind. 81, "that the statute does not, in so many words, say that the court shall relieve a party from a default taken against him, through his mistake, etc. That, however, is clearly implied, because a party could not be admitted to make a complete defense with the default standing against him." See Nietert v. Trentman, 104 Ind. 390, 398.

Judgment affirmed.