## WALKER v. THE STATE OF INDIANA, EX REL. LABOYTEAUX ET AL.

[No. 6,550. Filed December 16, 1908. Rehearing denied February 17, 1909. Transfer denied April 29, 1909.]

1. JUDGMENT.—Review of.—Perjury of Witness.—A judgment will not be reviewed because a witness at the solicitation of the prevailing party committed perjury at the trial. p. 606.
2. BASTARDY.—Opportunity.—Presumptions.—Opportunity does not constitute presumptive evidence of unlawful intercourse. p. 607.
3. BASTARDY.—Intercourse with Others.—Evidence.—Verdict.—A verdict that defendant was the father of relatrix's child is supported, where defendant as well as others had intercourse with relatrix about the time of conception. p. 607.
4. PARTIES.—Examination.—Bastardy.—Relatrix.—The relatrix in a bastardy case is not a party and her ante-trial examination cannot be required by the court. p. 607.

From Fayette Circuit Court; *George L. Gray*, Judge.

Action by Joseph W. Walker against The State of Indiana, on the relation of Pearl Laboyteaux. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Bailey & Young* and *Elias D. Salsbury*, for appellant.

*Reuben Connor, W. O. Barnard* and *W. E. Jeffrey*, for appellee.

ROBY, J.—This is a suit to review a judgment on the ground that it was obtained by fraud. On March 25, 1903, action was begun by the State, on the relation of Pearl Laboyteaux, before a justice of the peace in Henry county. After the certification of the case to the Henry Circuit Court a change of venue was taken to the Fayette Circuit Court. Here trial was had, finding made that appellant was the

father of the bastard child of Pearl Laboyteaux, and judgment rendered against him for $500 and costs. An appeal from this judgment was taken, and a reversal was ordered by the Supreme Court. *Walker v. State, ex rel.* (1905), 165 Ind. 94. On the retrial judgment was again rendered against the appellant. March 29, 1906, and a finding made that he is the father of the child, as alleged. This action was brought to review that judgment, on the ground

1. that a witness, Bertha Alger McCracken, who testified that Ol Burgess and the relatrix were not left alone together on the night of September 5, 1902, when it was alleged that the child was begotten by this appellant, committed perjury, with the knowledge and connivance of the relatrix, Laboyteaux. The law is settled that a judgment will not be reviewed on account of perjury committed by a witness at the trial. *Pepin v. Lautman* (1901), 28 Ind. App. 74.

In *United States v. Throckmorton* (1878), 98 U. S. 61, 25 L. Ed. 93, it is held that relief will be granted where, by reason of some fraudulent means, the unsuccessful party has been prevented from fully exhibiting his case—as by keeping him away from court, a false promise of compromise, where an attorney connives at his client's defeat, and all such fraud by reason of which there has never been a real contest before the court of the subject-matter of the suit—but the court will not set aside a judgment because it was founded on a fraudulent instrument or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed. The transaction involved was one within the full knowledge of both appellant and the relatrix, as well as the witness testifying, and the truthfulness or lack of truthfulness of the witnesses was necessarily known by the parties. "The party present at the trial must be prepared to meet and expose perjury, because he must know that in no other way can a false claim be supported, and the purpose of the trial is to ascertain the truth,

and that in so doing the court must determine the truth or falsity of the testimony given." *Pepin* v. *Lautman, supra.* The deposition of Bertha Alger McCracken had been taken previous to the trial, but could not be introduced in evidence because of her presence. Appellant by cross-examination obtained the benefit of her contradictory statements.

Opportunity does not constitute presumptive evidence of intercourse, and, since the record shows by uncontradictory evidence that apellant had been guilty of unlawful sexual communication with Pearl Laboyteaux weekly for a period of over one year, that he had intercourse with her the week before September 5, 1902, and the week thereafter, the jury had ample evidence upon which to base a verdict, regardless of the evidence of witness McCracken.

Another question is presented by the record. Appellant before trial filed his motion for the examination of Pearl Laboyteaux touching on matters charged in the complaint. The statute (§533 Burns 1908, §509 R. S. 1881) provides only that a party to an action may be so examined. The relatrix is not a party to a prosecution for bastardy. "The State is the party plaintiff; the relatrix is the witness." *State, ex rel.,* v. *Smith* (1876), 55 Ind. 385. The motion was properly overruled.

Judgment affirmed.