## BRASSARD *v.* STONER ET AL.

[No. 12,088. Filed November 24, 1925.]

1. NEW TRIAL.—*Complaint for new trial under §614 Burns 1926, §589 Burns 1914, alleging perjured testimony at the trial, held insufficient.*—A complaint for a new trial, as authorized by §424 of the Code of Civil Procedure (§614 Burns 1926, §589 Burns 1914), alleging as ground for a new trial that a written assignment of property introduced in evidence on the trial of a proceeding supplementary to execution, acknowledged as of September, 1917, was, in fact, not executed until January, 1922, after the commencement of the original action, was *held* insufficient.   p. 657.

2. NEW TRIAL.—*Court of equity will not grant new trial for fraud in procuring judgment unless fraud was extrinsic or collateral to question determined at trial.*—To authorize a court of equity to grant a new trial for fraud in procuring a judgment, the fraud must be extrinsic or collateral to the question tried and determined in the action in which the judgment was rendered; a new trial will not be ordered because the judgment was founded on perjured testimony or for fraud as to any matter which was actually presented and considered in the trial resulting in the judgment assailed.   p. 657.

From Newton Circuit Court; *George A. Williams,* Judge.

Complaint for a new trial by Victor Brassard against Oliver F. Stoner and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.* By the court in banc.

*T. B. Cunningham, M. E. Graves* and *John A. Dunlap,* for appellant.

*James C. Murphy* and *Hanley & Hanley,* for appellees.

REMY, C. J.—Appellant recovered a judgment against appellees Oliver F. Stoner and Tunis Gebhart. Execution against the property of Stoner, hereinafter designated as appellee, was returned unsatisfied. Thereafter, appellant, by a proceeding supplementary to execution, sought to have subjected to execution a certain telephone plant alleged to be the property of appellee, but which, as averred, appellee had fraudulently pretended to transfer to his wife. Trial resulted in a finding and judgment against appellant. At a subsequent term of court, and more than thirty days after the judgment had been rendered, appellant, by complaint pursuant to §424 Code of Civil Proc. (§614 Burns 1926), made application for a new trial. Material averments of the complaint, necessary to be considered, are, in substance, that at the trial of the cause there was introduced, as the only written evidence of the alleged transfer of the telephone property by appellee to his wife, an assignment purporting to be executed by appellee, and by him acknowledged before a notary public, September 25, 1917; that, in truth and in fact, it was not so executed until January, 1922, and until after the action, which resulted in the original judgment, had been begun; that the false acknowledgment was for the purpose of, and resulted in, the perpetration of a fraud on the court and on appellant; that the false acknowledgment was not discovered by appellant until after more than thirty

days had elapsed following the judgment from which relief is sought.

To appellant's complaint for a new trial, a demurrer for want of sufficient facts was sustained, and, appellant refusing to plead further, judgment was rendered against him. The ruling on the demurrer is the only question presented.

If the averments of the complaint are true, and, for the purposes of this appeal, they are so admitted by the demurrer, then the alleged written assignment 1, 2. of the telephone property, which assignment was introduced in evidence, was not executed on the date named therein, and the witnesses who so testified are guilty of perjury, by which both the court and appellant were deceived and misled. Even so, it does not follow that the complaint is sufficient. To authorize a court of equity to grant a new trial in a suit of this character, for fraud in procuring the judgment from which relief is sought, the fraud must be extrinsic or collateral to the question tried and determined in the action in which the judgment was rendered. The judgment will not be set aside, and a new trial ordered, because the judgment was founded on perjured testimony, or for fraud as to any matter which was actually presented and considered in the judgment assailed. *Pepin* v. *Lautman* (1901), 28 Ind. App. 74, 62 N. E. 60; *Walker* v. *State, ex rel.* (1908), 43 Ind. App. 605, 86 N. E. 502; *Hilton* v. *Guyot* (1894), 159 U. S. 113, 207, 16 Sup. Ct. 139, 40 L. Ed. 95. The reason for the rule is that there must be an end of litigation. As was said by the United States Supreme Court in the case of *United States* v. *Throckmorton* (1878), 98 U. S. 61, 25 L. Ed. 93: "The mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or

documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

Affirmed.