EILTS ET AL. *v.* HENDERLONG LUMBER COMPANY.

[No. 16,562. Filed April 15, 1941. Rehearing denied October 23, 1941.]

*Joseph E. Brown* and *George E. Hershman,* both of Crown Point, for appellants.

*Byron E. Bamber,* of Hammond, and *A. A. Bremer,* of Crown Point, for appellee.

STEVENSON, P. J.—This action was brought by the appellee for a review of a judgment. The complaint alleges that on the 30th day of November, 1937, the appellee herein filed a complaint in three paragraphs against the appellants in the Lake Circuit Court. These three paragraphs of complaint so filed are set out in the appellee's complaint together with the three paragraphs of answer addressed thereto. The complaint upon which this judgment was entered charged in its first paragraph that prior to the 5th day of February, 1934, Reinhard H. Eilts and Rose R. Eilts, his wife, John E. Eilts and Frances Eilts, his wife, executed their promissory note in the sum of $500.00 to the appellee and that said note was past due at the time of the filing of the suit and judgment was prayed on said

obligation. The second paragraph of this complaint proceeded upon the theory of an account stated; and the third paragraph was upon the theory of goods, wares, and merchandise sold and delivered. To these paragraphs of complaint, the appellants filed answers in three paragraphs. The first paragraph was an answer in general denial, the second paragraph was a plea in payment, the third paragraph alleged that the appellants on the 15th day of April, 1931, executed to A. J. Henderlong, Trustee, a deed of trust to secure the payment of $5,500.00; that on the 5th day of October, 1933, the appellants made application for a loan from the Home Owners Loan Corporation on the real estate described in this deed of trust and were awarded a loan of $4,000.00. The answer further alleged that A. J. Henderlong, as trustee, agreed to accept the $4,000.00 of Home Owners Loan bonds in full satisfaction of the debt secured by the deed of trust and executed his mortgagee's consent to take bonds and also executed a release of the deed of trust; that the beneficiaries under the original deed of trust were one John DePalma, to whom $4,000.00 was owed, and the appellee, to whom $1,500.00 was owed. Of the $4,000.00 secured from the Home Owners Loan Corporation, $3,000.00 was paid to John DePalma and $1,000.00 was paid to the appellee. The answer further avers that by the acceptance of this $1,000.00, the appellee's indebtedness was paid and satisfied, and that the $500.00 note in suit was a part of the original $1,500.00 indebtedness, which indebtedness was so satisfied by said payment.

This third paragraph of answer sets out as exhibit a copy of the mortgagee's consent to accept these bonds in which the following language appears: ". . . and the undersigned hereby consents, if said refunding can

be consummated, to accept in full settlement of the claim of the undersigned the sum of $4,000.00, face value of the bonds of Home Owners Loan Corporation, to be adjusted with not exceeding $25 cash and thereupon to release all of the claim of the undersigned against said property."

The complaint to review then alleges that a reply in general denial was filed to these two paragraphs of answer and the cause was submitted to the court who heard evidence and then rendered judgment in favor of the defendants, appellants herein, and against the plaintiff, appellee herein, to the effect that the appellee take nothing on the $500.00 note and obligations sued upon. The complaint to review the judgment further alleged that:

". . . at the trial of said cause the only evidence introduced by the defendants, and each of them, tended to establish and did establish the allegations of fact contained in their third paragraph of answer, and only the allegations of fact contained in said third paragraph of answer; that said third paragraph of answer and the evidence introduced as aforesaid to support it was insufficient in law to entitle the defendants to said judgment, for the reason that the allegations contained therein and said evidence fail to show that the plaintiff was guilty of any fraud or deceit whatsoever, and for the further reason that said paragraph of answer is based upon an erroneous theory of law in the following particulars, to wit:

"1.  That the execution by the plaintiff of the mortgagees' consent to accept bonds in an amount less than the full indebtedness constituted an accord and satisfaction, release and full payment of the entire indebtedness owing to the plaintiff.

"2.  That the release of the lien of the mortgage securing the original debt and the acceptance of Home Owners Loan Corporation bonds in an amount less than the original indebtedness constituted a release of the entire indebtedness.

"3. That the note sued upon having been given for an amount which represented the difference between the original indebtedness and the amount received by the plaintiff from the Home Owners Loan Corporation was invalid and null and void as being in violation of the Home Owners Loan Act of 1933 and as against public policy.

"Plaintiff further says that in truth the plaintiff's execution of the mortgagee's consent to accept Home Owners Loan bonds and the subsequent acceptance of such bonds in a less amount than the original indebtedness in the absence of fraud or deceit alleged and proved does not constitute an accord and satisfaction release or payment of the original debt or obligation; that the note sued upon representing the difference between the original indebtedness and the amount received by the plaintiff from the Home Owners Loan Corporation is valid in every respect; that the execution of the release by the plaintiff as trustee of the original mortgage released only the lien securing the original indebtedness and not the indebtedness itself; that by reason thereof there are manifest errors in law appearing in said proceeding and judgment as aforesaid, and, therefore the decision of the Court was not sustained by sufficient evidence and was contrary to law."

The complaint then closes with a prayer that the judgment may be reviewed and the errors of law appearing therein be corrected.

To this complaint a demurrer was addressed charging that said complaint does not state facts sufficient to constitute a cause of action. In support of this demurrer, the appellant contends that the complaint does not show any error of record committed by the trial court, which can form the basis for an action to review. The court overruled the appellants' demurrer and without hearing any evidence adjudged and decreed that a review should be had of the judgment complained of, whereupon the appellants prayed an appeal to this court; and the only error properly assigned is that the

court erred in overruling the demurrer of the appellants to the appellee's complaint.

It will be noted from the record, as above set out, that the appellee in his complaint to review this judgment is now seeking to challenge the sufficiency of the answer filed in the original proceedings, and the facts proven in support thereof, to constitute a defense to the original action on the note. The appellee now contends that the consent to accept bonds in lesser amount than the original indebtedness did not discharge the entire debt but released only the lien. While this may be true as a matter of law, yet no demurrers were addressed by the appellee to these paragraphs of answer, challenging their sufficiency; nor was the sufficiency of the evidence offered in support of such defenses challenged in any way at the trial of the original case nor afterwards. The trial court may have been in error in holding that the evidence offered in support of the defenses pleaded was sufficient to prevent recovery on the note in suit, but no objections or exceptions were reserved by the appellee in the original proceedings in an attempt to save the error which the appellee now seeks to have corrected.

After trial upon the issues, the court found for the appellants and against the appellee on his complaint, and entered judgment to the effect that the appellee take nothing on the obligation in suit.

No motion for a new trial was filed, and the correctness of this judgment was not challenged in any way until this action to review the judgment was filed.

It is a well-established rule in this state that, "a complaint to review a judgment must show that proper objections or exceptions were reserved in the original proceedings to save the error subsequently sought to be corrected." *Lambert* v.

*Smith, State Fire Marshal* (1939), 216 Ind. 226, 228, 23 N. E. (2d) 430; *Calumet Teaming & Trucking Co.* v. *Young* (1941), 218 Ind. 468, 33 N. E. (2d) 109, 33 N. E. (2d) 583.

In discussing this rule, our Supreme Court has said, "stating the case differently, a party must ask relief from the judgment and rulings of the court complained of in the original action and during the trial, before he is entitled to appeal or review, in all rulings constituting a proper reason for a new trial." *Graves* v. *State ex rel. Cole, Auditor of Harrison County* (1893), 136 Ind. 406, 411, 36 N. E. 275.

Since the chief error relied upon by the appellee is the sufficiency of the facts pleaded and proven to constitute a defense, it is apparent that this matter should have been first called to the attention of the trial court by a motion for a new trial. Having failed to file such motion, it is clear that this question could not have been presented to this court on an appeal from the original judgment. This alleged error, therefore, cannot be presented by a proceeding to review a judgment.

> "A proceeding in review for error of law claimed, is in the nature of an appeal, and is to be tried by the record alone, the Court which originally tried the case sitting as an appellate court in the review. The only errors, therefore, which could be considered in review were such as might have been tried here had the original case been appealed directly to this Court." *Evansville and Richmond R. R. Co.* v. *Maddux, by Next Friend* (1893), 134 Ind. 571, 573, 33 N. E. 345.

Since the complaint filed by the appellee failed to allege that any proper exceptions were saved in the trial of the original action sufficient to present the errors now relied upon by the appellee, we hold that the complaint failed to state a cause

of action for the review of this judgment. The court was accordingly in error in overruling the demurrer to this complaint.

Judgment reversed with instructions to sustain the demurrer to the appellee's complaint and for further proceedings consistent with this opinion.

NOTE.—Reported in 33 N. E. (2d) 373.