YUKNAVICH ET AL. *v.* YUKNAVICH, ETC.

[No. 17,244. Filed January 4, 1945. Rehearing denied March 1, 1945. Transfer denied April 10, 1945.]

*Conroy & Glendening*, of Hammond, *Justin Waitkus*, of Gary, for appellants.

*Anderson, Hicks & Anderson*, of Gary, for appellee.

Dowell, P. J.—Appellants filed, in the Porter Superior Court, their complaint to review a former judgment of that court. The complaint was in two paragraphs, the first to review for errors of law, the second, for material new matter discovered since the rendition of said judgment. To each paragraph of this complaint appellee addressed demurrers for want of facts which, being sustained by the court below, the appellants refused to plead further and suffered adverse judgment.

Error assigned is the ruling of the court below on the demurrers.

There is attached to the complaint to review and identified as Exhibit A what purports to be a bill of exceptions containing the evidence given in the original cause. However, it appears that on October 9, 1942, appellants were granted 60 days within which to prepare and file their bill of exceptions and that thereafter no extension of time was prayed for or granted and that the purported bill of exceptions was not filed until March 31, 1943. It is not, therefore, a part of the record of the original cause. *Mackey* v. *Pachter, Rec.* (1938), 105 Ind. App. 328, 14 N. E. (2d) 739. (It should be noted that these proceedings occurred prior to the adoption of Rule 2-3 Sup. Ct.) Moreover, it has been held that a bill of exceptions, even if part of the record, is not such a written instrument as can be filed as an exhibit. Watson's Works Practice and Forms Vol. 1, § 388, p. 259.

The complaint to review, therefore, presented no errors which might have been made apparent by a bill of exceptions. Asserted errors presented by appellants' motion for a new trial filed in the original cause were unavailable for the reason that the specifications of the motion were addressed to the sufficiency of the evidence and other matters,

all of which would have required a review of the evidence given in the trial of the original cause of which there was no record. See *Graves et al.* v. *State ex rel.* (1893), 136 Ind. 406, 410, 36 N. E. 275.

Other questions presented by the first paragraph of complaint and not dependent upon a bill of exceptions for review are (1) the sufficiency of the complaint in the original action, (2) the action of the court in permitting the filing of a second paragraph of complaint, (3) failure of the court on appellants' motion to require the plaintiff to elect the theory upon which he would proceed to trial. The two latter questions are raised upon an assertion by appellants that the two paragraphs express separate and distinct theories which are inconsistent and that paragraph 2 embraces within itself two inconsistent theories. The questions were not properly saved by appellants in the original trial. If the complaint was so inconsistent, uncertain or repugnant as to mislead appellants, their remedy was by way of motion to separate the causes or to make the complaint more specific. *Chicago, etc., R. Co.* v. *Lawrence* (1907), 169 Ind. 319, 79 N. E. 363, 82 N. E. 768. The motion to require election was of no avail. *Snyder* v. *Snyder* (1865), 25 Ind. 399; *McDonald* v. *McDonald* (1895), 142 Ind. 55, 41 N. E. 336.

The complaint in the original cause although subject to some criticism, is sufficient. It declares upon fraud and adequately sets out all the essentials thereof, i. e., the representations made by appellants and that they related to material facts, that they were false and were made with intention to deceive, that the appellee was ignorant of the falsity of such representations but believed them and had a right to rely thereon and did so to his injury.

The first paragraph of appellants' complaint to review, therefore, was insufficient and demurrer thereto was properly sustained.

The second paragraph thereof sets out certain so-called material new matter which is, in reality, merely newly discovered evidence of facts which were relied upon by appellants in defense of the original action. Such facts were set up by appellants in pleadings filed in the original cause and constituted a defense which was known to exist (and was employed) in the former action. The asserted "new matter" consists merely of subsequently discovered receipts, documents and other evidence of these facts. While it may have supplied sufficient grounds for a new trial, upon proper and timely motion, as newly discovered evidence, it is not material new matter as contemplated by the statute authorizing review of judgments. *Hall* v. *Palmer* (1862), 18 Ind. 5; *Jones* v. *City of Tipton* (1895), 142 Ind. 643, 646, 42 N. E. 221; *Seisler* v. *Smith* (1901), 27 Ind. App. 607, 610, 60 N. E. 724; *Barnes* v. *Dewey* (1877), 58 Ind. 418, 424; *Webster* v. *Maiden* (1872), 41 Ind. 124, 130.

By this paragraph of complaint appellants further averred the discovery of the perjury of a witness, at the solicitation of appellee, in the trial of the original cause. A judgment will not be reviewed because a witness, at the solicitation of the prevailing party, committed perjury at the trial. *Walker* v. *State ex rel.* (1909), 43 Ind. App. 605, 86 N. E. 502.

The sustaining of appellee's demurrer to the second paragraph of complaint to review was not error.

Judgment affirmed.

NOTE.—Reported in 58 N. E. (2d) 447.