AYERS *v.* MOORE

[No. 17,665.   Filed April 5, 1948.]

*Ruckelshaus & Ruchelshaus,* of Indianapolis, attorneys for appellant.

*Floyd R. Mannon and James J. Stewart,* both of Indianapolis, attorneys for appellee.

FLANAGAN, J.—On August 5, 1945, appellee visited the home of appellant to examine an antique Chinese bed which was at the time stored in appellant's basement. It was intact except for the fact that the sides had been removed. She was informed by appellant that the bed could be assembled and used as a davenport, whereupon she purchased it for $125.

The bed was then delivered to her but she was unable to put in the sides because some of the wooden lugs used to hold the sides in place were missing. She notified appellant and he employed a contractor to make the assembly. The contractor sent one of his employees to appellee's home but he was not able to assemble the bed there. It was necessary that it be removed to the contractor's shop so that the missing lugs could be supplied and the assembly completed. However, appellee, on the same day or the following day, notified appellant that she did not want the bed and attempted to return it to him. Upon his refusal to accept it she put it in storage at a warehouse. The contractor endeavored to obtain the bed to assemble it but was refused permission to do so.

Appellee brought this action by complaint in two paragraphs. The first paragraph proceeded on the theory that the contract had been rescinded for breach of warranty and appellee was entitled to a return of

the purchase price. The second paragraph was for damages for fraud.

Trial to a jury resulted in a verdict against appellee on her first paragraph and for her on her second paragraph with damages in the sum of $200. Appellant's motion for a new trial was overruled and judgment was entered upon the verdict. The assignment of error upon appeal is the overruling of the motion for a new trial.

The first question presented is the sufficiency of the evidence to show fraud.

To recover on the theory of fraud the following essential elements must be alleged and proved:

1. That a representation of the defendant made as a statement of fact was related to a material fact.

2. That such representation was false.

3. That it was known to be false by the defendant or else made recklessly.

4. That it was made with intent to deceive and for the purpose of inducing the other party to act upon it.

5. That plaintiff was ignorant of the falsity of the representation.

6. That plaintiff relied upon such representation under conditions where he had the right to do so and was thereby induced to act.

7. That plaintiff thereby suffered injury or damage. *Automobile Underwriters, Inc.* v. *Rich* (1944), 222 Ind. 384, 53 N. E. 2d 775; *Yuknavich* v. *Yuknavich* (1945), 115 Ind. App. 530, 58 N. E. 2d 447.

In the instant case the representation complained of is that the bed could be assembled and used as a

2. davenport. But the evidence does not disclose this representation to be false. By the undisputed evidence it could be assembled and that it was not assembled because appellee would not permit appellant's contractor to have possession of it for that purpose. Furthermore there is no evidence to indicate that appellant's representations were made for a dishonest purpose or recklessly. He showed his good faith when upon notice of the fact that some of the lugs were missing he promptly employed a contractor to supply them.

The facts in this case fall far short of establishing the essential elements of fraud.

Other questions presented are not likely to arise upon a re-trial and therefore do not require our consideration at this time.

Judgment reversed with instructions to grant appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 78 N. E. 2d 463.